65200. CRANE v. THE STATE.

BANKE, Judge.

The appellant was convicted of armed robbery and sentenced as a recidivist to life imprisonment pursuant to former Code Ann. § 27-2511 (now OCGA § 17-10-7). On appeal, he contends that the trial court erred in making certain comments and rulings during the course of the trial which reflected adversely on his claim to innocence. In particular, he complains of the court's action in offering to stop the trial at one point to allow him to take a polygraph test.

The evidence of the appellant's guilt was, to say the least, substantial. Co-indictee Ricky Shepperd, who pled guilty to the

lesser included offense of robbery by intimidation in exchange for a sentence recommendation by the district attorney, testified that on April 2, 1981, he and appellant went to a rest stop off I-75 for the purpose of robbing passing motorists who might pause there to relieve themselves. They followed one such motorist into the woods, held him at gunpoint, took his wallet, tied him to a tree, and gagged him by stuffing one of his socks in his mouth. Leaving him in this condition, they proceeded to his automobile, from which they took some cash and personal belongings. In the meantime, the victim was able to escape his bindings and contact the authorities, and the appellant and Shepperd were arrested soon thereafter following a high-speed chase which ended when the appellant drove his truck into a pond.

The victim corroborated Shepperd's account of what had taken place and positively identified the appellant as one of his two assailants. He also identified the pistol which the appellant had used and a toboggan hat which the appellant had been wearing, both of which were recovered from the pond.

Twice while the appellant was on the witness stand he stated that he would be willing to take a polygraph test to prove the truthfulness of a statement which he had just made. On the first such occasion, no objection was made by the state. On the second occasion, which occurred during cross-examination, the following transpired:

"State's Attorney: Didn't you, in fact, have another pair of glasses that you wore most of the time, while those remained on the dashboard of your truck?

"Appellant: No, sir, I'll take a polygraph test to that right now. These are the only glasses I wore.

"State's Attorney: Your Honor, I ask that you instruct the witness. He's never requested a polygraph, nor stipulated that he would take one.

"Appellant: I'm not.

"The Court: No, sir. You won't refer to a polygraph any more. Both sides have to stipulate to a polygraph and one to be done. And it's not correct to bring up a polygraph at this time, unless it's been stipulated to by both sides, and I'll instruct you now not to make any further reference to it.

"Appellant: Well, I just thought—

"The Court: There's been no application by anyone for one prior to this time, and you'll not make it now.

"Appellant: I just thought, Your Honor, it would clear up his mind, you know.

"The Court: Are you willing to take one as to the question of guilt or innocence? If you are, we'll stop and I can arrange it.

"Defense Counsel: Your Honor, I object to Your Honor's remark as being prejudicial and inflammatory before the jury, and move for a mistrial.

"The Court: Overrule your motion. Twice he's brought up this polygraph thing. I'll — if he wants one, we'll give him one, or he'll stop referring to it, one or the other.

"Defense Counsel: Your Honor, again, I object to your inflammatory remarks and request the grant of a mistrial.

"The Court: No. Do you understand?

"Appellant: I understand what you're getting at.

"The Court: All right, sir.

"Appellant: You don't want — what I was trying to do is to show the man that they was my glasses, you know." *Held:*

1. Under the circumstances, the court's challenge to the appellant to take a polygraph test on the central issue of his guilt or innocence could easily have been interpreted by the jury as an expression of opinion to the effect that the appellant was in fact guilty and not telling the truth. We cannot agree with the state's assertion that the court was merely attempting to clarify the appellant's expression of willingness to take a polygraph test regarding the number of pairs of glasses he had. What the court initially set out to do was not to clarify the appellant's testimony but to stop him from making any further statement along these lines; and, to the extent the court's comments were directed towards this purpose, they were entirely proper. However, the judge went further than this and in effect dared the appellant to take a polygraph test on the central issue of his guilt or innocence. It is certainly inferable from this exchange that the court did not believe the appellant was being completely candid about his actions.

OCGA § 17-8-55 (formerly Code Ann. § 81-1104) provides as follows: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give." It is well settled that a violation of this statute is mandatory cause for a new trial, even though the court later instructs the jury that it has in fact intended no expression of opinion by its comments. See *Allen v. State,* 194 Ga. 178 (1) (21 SE2d 73) (1941); *Crawford v. State,* 139 Ga. App. 347 (2) (228 SE2d 371) (1976). Consequently, we are not authorized to hold the error harmless and we have no choice but to reverse the conviction and remand the case

for a new trial. Accord, *Griffin v. State,* 142 Ga. App. 362 (3), 364 (235 SE2d 724) (1977).

2. We have carefully examined the other comments and rulings of which the appellant complains and have determined that none of them were objectionable.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 3, 1982.

*J. Raymond Bates, Jr.,* for appellant.

*Stephen A. Williams, District Attorney, Elida B. Steele, Assistant District Attorney,* for appellee.