S07A0889. PATEL v. THE STATE.

(651 SE2d 55)

HUNSTEIN, Presiding Justice.

Mahesh Patel was convicted on two counts of violating subsection (d) (1) of the Computer Pornography and Child Exploitation Prevention Act of 1999, OCGA § 16-12-100.2 (utilizing a computer on-line service to solicit a person believed to be a child to commit acts of sodomy) and one count of violating subsection (e) (1) of that statute (obscene Internet contact). The appeal is before this Court because of Patel's unsuccessful challenge to the constitutionality of the Act. However, we do not reach that issue[1] because we agree with Patel that the trial court's violation of OCGA § 17-8-57 (prohibiting a judge from expressing or suggesting an opinion regarding what has or has not been established) entitles Patel to a new trial.

1. The jury was authorized to find that appellant, while at his business in Cherokee County, used his computer to enter an adult chat room where he struck up a conversation with a participant who claimed to be a thirteen-year-old girl but who was actually 29-year-old Cpl. Heather Lackey of the Peachtree City Police Department. During their private chat using an Internet instant messaging service, Lackey repeatedly told appellant that she was thirteen years old; appellant acknowledged this information. Appellant nevertheless utilized computer on-line services in Fayette County to solicit from Lackey acts of fellatio and cunnilingus. During the course of

---

[1] This Court will not decide constitutional issues if the case can be decided on other grounds. *Livingston v. State*, 266 Ga. 501, 504, fn. 1 (467 SE2d 886) (1996).

their on-line contact he also transmitted messages containing sexually explicit photographs to Lackey in Fayette County.

The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of violating subsections (d) (1) and (e) (1) of OCGA § 16-12-100.2 as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The transcript shows that the trial court, in response to opening statement by defense counsel, interrupted counsel and stated, "That's incorrect. That is not a defense to this case. Venue is proper in Fayette County or we wouldn't be here right now." Defense counsel, pursuant to the trial court's direction, completed opening. Then, after the jury was removed, counsel objected to the trial court's comments and moved for a mistrial.[2] The trial court denied the motion. After the jury returned from lunch recess, the trial court gave curative instructions that focused on counsel's claim that the court's comments had damaged his credibility. When counsel objected again, specifically regarding the impression the comments had made in the jurors' minds about venue being in Fayette County, the trial court gave a second set of curative instructions on that issue.[3] The trial then continued.

---

[2] In *Paul v. State*, 272 Ga. 845 (537 SE2d 58) (2000), after recognizing that a trial court's violation of OCGA § 17-8-57 is waived by a defendant's failure to object or move for mistrial, id. at 848 (2), we held that the plain error rule applies to "death penalty cases, and other criminal cases in which the trial court violates OCGA § 17-8-57." Id. at 849 (3). Thus, any alleged violation of OCGA § 17-8-57 "must be reviewed in accordance with the 'plain error' rule, [cit.]" *Berry v. State*, 282 Ga. 376 (651 SE2d 1) (2007), and we disapprove *Price v. State*, 280 Ga. 193 (4) (a) (625 SE2d 397) (2006) and *Raheem v. State*, 275 Ga. 87 (10) (560 SE2d 680) (2002), to the extent the analysis therein is inconsistent with our holding in Division 3 of *Paul*, supra.

[3] The transcript reflects the following:

Trial court: Let me clear up one thing right here. When I just told you the State is bound to prove that venue is in Fayette County beyond a reasonable doubt and that venue could be established by showing beyond a reasonable doubt that the transmission – any of the transmission[s] took place in Fayette County, do you all understand that?

(Jurors nod heads.)

Trial court: Anybody doesn't understand that?

(No response.)

Trial court: If I stated to you this morning that venue was proper and that the State would not have to prove – I don't remember saying that. I don't want you to think that I made a statement indicating that the State was relieved of proving one of the things they're required to prove.

Do any of you believe that my statement earlier this morning would indicate to you that the State is not required to prove venue beyond a reasonable doubt? Because if you do, I need to know.

(No response.)

Trial court: Okay. Thank you very much, ladies and gentlemen.

OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

It is well established that this statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial. *Paul v. State,* 272 Ga. 845 (537 SE2d 58) (2000); *Allen v. State,* 194 Ga. 178 (2) (21 SE2d 73) (1942).

> Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State,* 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000). When the trial court in Patel's case stated before the jury that "[v]enue is proper in Fayette County," it improperly expressed its opinion as to what had been proved on a disputed issue of fact, see id. (venue is challenged whenever criminal defendant pleads not guilty to indictment's charges), notwithstanding the trial court's lack of intent to express an opinion on the *evidentiary* issue of venue. See *Jones v. State,* 189 Ga. App. 232 (1) (375 SE2d 648) (1988) (fact that trial court did not intend to express its opinion on issue within sole province of jury does not excuse or mitigate violation of OCGA § 17-8-57).

The State asserts that reversal is not required. Contrary to the State's argument, the record on appeal sufficiently preserves this issue for our review.[4] Nor can we agree with the State that the trial court's comment was the type of palpable "slip of the tongue" the

---

[4] The transcript contains both the above-quoted comments by the trial court, see OCGA § 5-6-41 (d), and, after the jury left the courtroom, the trial court's reiteration of the statements made by defense counsel that prompted the court's comments. Defense counsel expressly

appellate courts have excused from the strict mandate of OCGA § 17-8-57. Compare *Sutton v. State*, 263 Ga. App. 188 (3) (587 SE2d 379) (2003); *Atkins v. State*, 253 Ga. App. 169 (2) (b) (558 SE2d 755) (2002). We also reject the State's contention that the instructions the trial court subsequently gave the jury in an attempt to clarify its comments served to eradicate the violation. "[T]here can be no finding of harmless error" if the trial court violates this statutory prohibition at this point in the trial. *Sauerwein v. State*, 280 Ga. 438, 439 (2) (629 SE2d 235) (2006). Thus, the law is well-established that instructions given to the jury by the trial court cannot cure a violation of OCGA § 17-8-57. *Allen v. State*, supra, 194 Ga. at 184 (2); *Alexander v. State*, 114 Ga. 266 (2) (40 SE 231) (1901); *Crane v. State*, 164 Ga. App. 638 (1) (298 SE2d 619) (1982); *Crawford v. State*, 139 Ga. App. 347 (2) (228 SE2d 371) (1976).[5] We disapprove any language intimating the contrary. See, e.g., *Banks v. State*, 279 Ga. App. 57, 60 (2) (630 SE2d 571) (2006) ("any perceived [violation of OCGA § 17-8-57] was adequately cured by the curative instruction"); *Jordan v. State*, 259 Ga. App. 551, 553 (578 SE2d 217) (2003) ("[t]o the extent [the trial court's comments] approached impropriety, the court's curative instructions dispelled any lingering intimations"); *Chapman v. State*, 217 Ga. App. 264, 265 (1) (457 SE2d 206) (1995) (raising, but not reaching, "the issue of whether curative instructions given to the jury by the court can avoid the harsh mandate of a new trial contemplated by OCGA § 17-8-57" and cases cited therein as implying this result). It follows that no waiver of this issue occurred when defense counsel failed to renew the motion for mistrial after the giving of legally-ineffective instructions.

3. Appellant contends the trial court erred by charging the jury that "for the purposes of venue in this particular case, a violation of these crimes . . . shall have been committed in any county to which any use of a computer was made." Specifically, appellant challenges the limitation created by the phrase "to which," asserting that the charge improperly precluded the jury from considering the possibility that the crime was committed in Cherokee County "from which" the obscene images and sodomy solicitations were generated, rather than Fayette County, "to which" those images and solicitations were sent. The plain language of OCGA § 16-12-100.2 (d) (1) and (e) (1) reflects

---

concurred with the trial court that the reiterated statements reflected what counsel actually said and no objection was made thereto by the State.

[5] We recognize that in those instances in which a technical violation of OCGA § 17-8-57 occurs in the giving of a jury charge, when the charge does not otherwise assume certain things as facts and intimate to the jury what the judge believes the evidence to be, the giving of additional or curative instructions may suffice to correct the error. See *Sims v. State*, 266 Ga. 417 (2) (467 SE2d 574) (1996).

that the offenses criminalized therein are capable of occurring in more than one county; hence, venue in appellant's case could legally have been laid in either Cherokee or Fayette County. See generally *State v. Mayze*, 280 Ga. 5, 6 (622 SE2d 836) (2005). The sole issue for the jury in regard to venue was whether the evidence established beyond a reasonable doubt that the charged crimes occurred in Fayette County. See generally *Jones v. State*, supra, 272 Ga. at 901 (2). We thereby reject appellant's argument that the jury was authorized to acquit him of the charged crimes on the basis that the prosecution could also have been laid in Cherokee County. The charge was not error for the reason assigned.[6]

4. We do not address appellant's remaining enumerations, in which he asserts various errors in the phraseology used by the trial court in its final jury instructions, as those matters are unlikely to recur upon retrial.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Paul S. Liston*, for appellant.

*Scott L. Ballard, District Attorney, Randall K. Coggin, Cindy L. Spindler, Assistant District Attorneys*, for appellee.

---

[6] Although not raised by appellant, we note that this charge is not a correct statement of the law for purposes of OCGA § 16-12-100.2, which does not focus on the computer or other device used by the accused to "seduce, solicit, lure, or entice," id. at (d) (1) or "contact" the child or person believed to be a child, id. at (e) (1), but rather focuses on the accused's utilization of the "computer on-line service or Internet service" or variants thereof, in defining the criminal offense. Particularly in regard to OCGA § 16-12-100.2 (d) (1), this distinction is essential for purposes of establishing venue in a county other than the locus of the computer or other device that provided access to the on-line service. Upon retrial, the language of the charge should be corrected accordingly.