A08A2087. GARDNER v. THE STATE.
(676 SE2d 258)

BARNES, Judge.

Following a jury trial, Marquez Gardner was found guilty of three counts of armed robbery. He appeals, contending that the evidence was insufficient to sustain his conviction and that the trial court improperly commented on the evidence in violation of OCGA § 17-8-57. We agree that the trial court violated OCGA § 17-8-57, and because such violation mandates a new trial, we reverse.

> On appeal from a criminal conviction, we view the evidence in a light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Footnote omitted.) *Colon v. State*, 275 Ga. App. 73, 73-74 (619 SE2d 773) (2005).

So viewed, the evidence shows that on October 26, 2006, a detective with the Columbus Police Department responded to a robbery at a beauty salon. The three women who were robbed said that a young man entered the shop and asked for their money. They initially thought that it was a joke, but the man pulled a black tee shirt over the lower part of his face and pointed a small pistol at the women. He took money from one of the women, and the purses of the other two. Police canvassed the area, but were unable to locate the suspect.

On October 30, 2006, another detective was investigating an attempted robbery at a restaurant when the suspect provided him with information about the beauty shop robbery. In a signed statement, the suspect identified Gardner as the man who robbed the women. The two purses were recovered in a storm sewer the next day. At trial the three women identified Gardner as the man who robbed them. During the trial, the suspect who provided the statement denied telling police that Gardner committed the robbery.

1. Gardner first challenges the sufficiency of the evidence. In reviewing such challenge, " 'the relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Taylor v. State*, 263 Ga. App. 420, 421 (1) (587 SE2d 791) (2003). It is the jury's privilege — and not this Court's — to resolve conflicts in the evidence. See id. " 'As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' " Id.

Under this standard, the evidence in this case was sufficient to support the jury's verdict.

2. Gardner argues that the trial court improperly commented upon the evidence at the close of the direct examination of the State's first witness in violation of OCGA § 17-8-57, which prohibits a judge in a criminal case from expressing or intimating an opinion as to "what has or has not been proved or as to the guilt of the accused."[1] To violate this statute, the comments must focus on a disputed issue of fact. *Smith v. State*, 275 Ga. App. 60, 63 (4) (619 SE2d 694) (2005). "A claim of error alleging a violation of OCGA § 17-8-57 is not waived by an attorney's failure to object at trial, if such violation constitutes plain error." (Punctuation omitted.) *Adams v. State*, 282 Ga. App. 819, 823 (4) (640 SE2d 329) (2006). Under that rule, we may "notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." (Punctuation omitted.) *Sanchez v. State*, 234 Ga. App. 809, 811 (3) (508 SE2d 185) (1998).

At issue is the following exchange:

(After the direct examination of the State's first witness, and in the presence of the jury.)
State: That's all we have, Judge.
The Court: Prove venue. Did you prove venue?
State: I have not as of yet.
The Court: Why don't we go ahead and do that before we forget it.

"A trial judge may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the

---

[1] It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give. OCGA § 17-8-57.

conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides." *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006). A trial court may not, however, express or intimate an opinion as to what had or had not been proved including, in this instance, venue. "Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000). The act of pleading not guilty to an indictment is an irrefutable challenge to the allegations therein, including venue. Id. at 902.

In *Patel v. State*, 282 Ga. 412, 413 (2) (651 SE2d 55) (2007), the trial court commented during defense counsel's opening that venue was not a defense in the case because venue was proper in Fayette County " 'or we wouldn't be here right now.' " Id. at 413 (2). Our Supreme Court found that the trial court had "improperly expressed its opinion as to what had been proved on a disputed issue of fact, . . . notwithstanding the trial court's lack of intent to express an opinion on the *evidentiary* issue of venue." (Emphasis in original). Id. at 414. That the trial court did not intend to express its opinion on an issue within the sole province of the jury does not excuse or mitigate a violation of OCGA § 17-8-57. *Jones v. State*, 189 Ga. App. 232, 233 (1) (375 SE2d 648) (1988); see *Crane v. State*, 164 Ga. App. 638, 640 (1) (298 SE2d 619) (1982) (court's challenge to the appellant to take a polygraph test on issue of his guilt or innocence could easily have been interpreted by the jury as an expression of opinion that the appellant was in fact guilty and not telling the truth).

Moreover, in this case, by aligning himself with the prosecution through the reference to "we," the judge could have been perceived by the jury as an advocate for the State. "The reason for OCGA § 17-8-57 prohibiting the judge from intimating his opinion as to what has been proved is to keep the jury from being influenced." (Punctuation omitted.) *Chumley v. State*, 282 Ga. 855, 857 (2) (655 SE2d 813) (2008).

> The members of the jury heard the trial court's words, and no man could dare say they were not thereby influenced to some extent, at least. Jurors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence.

(Citations and punctuation omitted.) Id. at 858.

Because the "statutory language of OCGA § 17-8-57 is manda-

tory . . . a violation of its mandate requires a new trial. In light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse [Gardner's] conviction and remand the case to the trial court for a new trial." (Citations and punctuation omitted.) *Chumley*, supra at 858.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 20, 2009 — 

*Robert L. Wadkins, Kathryn E. Rhodes*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Assistant District Attorney*, for appellee.