A09A0182. ANDERSON v. THE STATE.
(678 SE2d 498)

ANDREWS, Presiding Judge.

George Anderson appeals after a jury convicted him of armed robbery, kidnapping, possession of a firearm during the commission of a crime, and financial transaction card fraud. Anderson argues that the trial court committed reversible error when it commented on whether venue had been proven, in violation of OCGA § 17-8-57. We agree and reverse.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The victim, an employee of Sally's Beauty Supply, testified that she was alone in the store one morning just before 9:00 a.m. when she received a phone call from a man asking what time the store opened. She told the man that the store was already open. Shortly thereafter, a man walked into the store wearing a ski mask and holding a gun. The man pointed the gun at her and ordered her to the back of the store. The man forced her to lie down on the floor and then tied her hands behind her back with duct tape. He then removed the money from the safe, took the victim's credit cards from her purse, took money from the registers at the front of the store, and left.

Shortly afterward that same morning, a man later identified as Anderson bought a pair of sneakers using the victim's credit card. The salesperson testified that she knew Anderson because he was a regular customer. She identified Anderson at trial, and there was evidence that she had also identified him from a photographic lineup shown to her on the day of the robbery. In addition, the State introduced Anderson's cell phone records showing that at 8:58 a.m., just before the robbery, he called Sally's Beauty Supply and blocked his number.

Although not enumerated as error, we conclude that the evidence, as set out above, was sufficient for the jury to find Anderson guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his first enumeration of error, Anderson contends that the trial court erred in expressing an opinion as to whether venue was proven. The comments occurred during the testimony of the shoe store salesperson. The trial judge asked: "Did we establish venue on this one?" The prosecutor replied that he had asked her if the store was in Muscogee County. The judge said that he knew there was some confusion as to which store was involved and then stated "I just wanted to make sure."

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

OCGA § 17-8-57.

In *Gardner v. State*, 296 Ga. App. 792 (676 SE2d 258) (2009), a similar exchange occurred as follows:

State: That's all we have, Judge.
The Court: Prove venue. Did you prove venue?
State: I have not as of yet.
The Court: Why don't we go ahead and do that before we forget it.

Id.

In *Gardner*, this Court held that this exchange was a violation of OCGA § 17-8-57.

A trial judge may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides. *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006). A trial court may not, however, express or intimate an opinion as to what had or had not been proved including, in this instance, venue.

(Punctuation omitted.) *Gardner*, supra.

Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

*Patel v. State*, 282 Ga. 412, 414 (651 SE2d 55) (2007). Here, when the trial court asked "[d]id we establish venue on this one" and then later stated "I just wanted to make sure," "it improperly expressed its opinion as to what had been proved on a disputed issue of fact, notwithstanding the trial court's lack of intent to express an opinion on the *evidentiary* issue of venue." (Citation omitted.) Id.

The fact that Anderson did not object is immaterial, because

a violation of OCGA § 17-8-57 is "plain error." *Paul v. State*, 272 Ga. 845, 848 (3) (537 SE2d 58) (2000). The "plain error" rule does not establish a different standard for

determining the reversibility of an error, but instead allows a criminal defendant to avoid the penalty of waiver, by permitting appellate review of assertions of error raised for the first time on appeal where the asserted error affects substantive rights. The trial court's comment was not only plain error, it is not subject to the harmless error principle.

*Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008).

Accordingly, "[i]n light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse [Anderson's] conviction and remand the case to the trial court for a new trial." (Punctuation omitted.) *Chumley*, supra.

2. We need not address Anderson's remaining enumerations of error because they are unlikely to recur at the new trial.

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED MAY 8, 2009 ▉▉▉▉▉▉▉

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Michael E. Craig, Assistant District Attorney*, for appellee.