## S09G1210. THE STATE v. GARDNER.
(690 SE2d 164)

HUNSTEIN, Chief Justice.

This case involves an alleged violation of OCGA § 17-8-57.[1] Marquez Gardner was tried on charges arising from the armed robbery of a beauty salon. As the State concluded the direct examination of its first witness, the following exchange took place:

Q: [H]e is the person who came in and robbed you?
A: Yes, sir.
  STATE: That's all we have, Judge.
A: Either he got a twin.
  THE COURT: Prove venue. Did you prove venue?
  STATE: I have not as of yet.
  THE COURT: Why don't we go ahead and do that before we forget it.
Q: The Stylistic Beauty Shop, is that within Muscogee County?
A: Oh, yes, sir.
  STATE: All right.
  THE COURT: [Defense Counsel.]
  DEFENSE: Thank you, sir.

---

[1] OCGA § 17-8-57 provides:
It is error for any judge in any criminal case ... to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

634

Gardner was convicted on three counts of armed robbery and sentenced to three concurrent 20-year terms with 12 years to serve. He appealed and the Court of Appeals reversed, holding that the exchange quoted above constituted a comment on the evidence by the trial court in violation of OCGA § 17-8-57. *Gardner v. State*, 296 Ga. App. 792 (2) (676 SE2d 258) (2009). We granted certiorari to consider whether the Court of Appeals erred in reversing Gardner's convictions on this basis, and hold that it did so err.

As an initial matter, we assess the analytical framework set forth by the Court of Appeals to evaluate whether Gardner's failure to object at trial to the exchange in question has waived the issue on appeal. Specifically, it stated that where there is no objection at trial: (1) a claim alleging a violation of OCGA § 17-8-57 is not waived if such violation was plain error; and (2) the violation was plain error if it was obvious or it otherwise seriously affected the fairness, integrity or public reputation of the judicial proceeding. *Gardner*, supra, 296 Ga. App. at 793 (2). However, we have clarified that a violation of OCGA § 17-8-57 will *always* constitute "plain error," meaning that the failure to object at trial will not waive the issue on appeal. *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008). On appeal, the issue is simply whether there was such a violation. If so, "[i]t is well established that th[e] statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial. [Cits.]" *Patel v. State*, 282 Ga. 412, 414 (2) (651 SE2d 55) (2007). To the extent the "plain error rule" has been articulated otherwise in the context of an alleged violation of OCGA § 17-8-57, such cases are hereby disapproved. See, e.g., *Lopez v. State*, 297 Ga. App. 618, 625 (4) (677 SE2d 776) (2009) (where violation of OCGA § 17-8-57 alleged, "absent plain error, an objection or motion for mistrial must be made in order to preserve the issue for appeal"); *Sims v. State*, 296 Ga. App. 368, 369-370 (1) (674 SE2d 392) (2009) (appellate court "must consider whether the trial court's actions violated OCGA § 17-8-57, and if so, whether that violation constituted plain error"); *Birkbeck v. State*, 292 Ga. App. 424, 434-435 (8) (665 SE2d 354) (2008) (alleged OCGA § 17-8-57 violation reviewed under plain error standard, which requires appellant to show error "which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding").[2]

The Court of Appeals correctly stated that in order to violate OCGA § 17-8-57, the trial court's comments must pertain to a

_____

[2] We note that the plain error analysis set forth by the Court of Appeals in Gardner's case was not actually utilized in rendering its decision.

disputed issue of fact. *Gardner*, supra, 296 Ga. App. at 793 (2); see *Berry v. State*, 267 Ga. 476 (4) (f) (480 SE2d 32) (1997). Assuming, arguendo, that the issue of venue was disputed in this case,[3] we hold that the trial court did not violate OCGA § 17-8-57. Although we strongly discourage the giving of direction or the use of language that could create the appearance of alignment between the trial court and either the prosecution or defense, the trial court did not "express or intimate [its] opinion as to what has or has not been proved," OCGA § 17-8-57, because its directive to "[p]rove venue" was immediately followed by a question as to whether venue had been proven. Compare *Patel*, supra, 282 Ga. at 413 (2) (reversal required where trial court stated that "[v]enue is proper in [this county] or we wouldn't be here right now"). As there was no violation of OCGA § 17-8-57, the Court of Appeals erred by reversing Gardner's convictions. Accordingly, we reverse.

*Judgment reversed. All the Justices concur, except Thompson and Hines, JJ., who dissent.*

HINES, Justice, dissenting.

As the majority does not abide by the clear requirements of OCGA § 17-8-57, I must respectfully dissent.

The majority correctly notes that the issue of venue was joined when Gardner pled not guilty to the indictment. See Maj. Op. p. 635, n. 3. And, "[v]enue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." *Patel v. State*, 282 Ga. 412, 414 (2) (651 SE2d 55) (2007) (citation and punctuation omitted). Further, as the majority states, a violation of OCGA § 17-8-57 "will *always* constitute 'plain error,' " requiring a new trial. Maj. Op. at p. 634.

Despite recognizing these precepts, the majority fails to uphold them. The trial court's colloquy regarding venue clearly shows that the court expressed its opinion that venue had not been proved. That opinion was the basis of the court's interjection. Expressing such an opinion is a readily apparent violation of OCGA § 17-8-57. By the very language of this statute, "[s]hould any judge violate this Code

---

[3] Gardner's act of pleading not guilty to the charges in the indictment constituted a challenge to the allegation of venue therein. See *Patel*, supra, 282 Ga. at 414 (2). However, the trial court stated during its charge to the jury that "I believe the only uncontested matter in this case is that venue properly lies in Muscogee County. Is that accurate?"; both the prosecutor and defense counsel agreed that it was. The record does not establish the point at which venue became uncontested, i.e., whether it occurred before or after the exchange regarding venue at issue here.

section, the violation *shall* be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give." OCGA § 17-8-57. (Emphasis supplied.) Accordingly, a new trial must be ordered.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED FEBRUARY 1, 2010 —
RECONSIDERATION DENIED MARCH 15, 2010.

*Julia A. Slater, District Attorney, William D. Kelly, Jr., Assistant District Attorney*, for appellant.
*Kathryn E. Rhodes*, for appellee.