## S09G1523. THE STATE v. ANDERSON.

(695 SE2d 26)

HUNSTEIN, Chief Justice.

In *Anderson v. State*, 297 Ga. App. 733 (678 SE2d 498) (2009), the Court of Appeals reversed George Anderson's convictions for armed robbery, kidnapping, possession of a firearm during the commission of a crime, and financial transaction card fraud, holding that the trial court violated OCGA § 17-8-57[1] by expressing an opinion as to whether venue had been proven on the fraud charge. We granted the State's petition for certiorari in order to consider the propriety of that ruling and, for the reasons that follow, we affirm.

1. The evidence adduced at trial established that the manager of a Sally Beauty Supply store received a telephone call just before 9:00 one morning, asking what time the store opened. Shortly after the manager told the male caller that the store was already open, an armed, masked man entered. He pointed a gun at the manager, ordered her to the back of the store, removed money from the store's registers and safe, and took the manager's credit cards from her purse. At approximately 10:15 that morning, Anderson bought a pair of sneakers from an Underground Station store using one of the stolen credit cards. The salesperson knew Anderson because he was a regular customer, and identified him both in a photographic lineup on the day of the crimes and at trial. Anderson's cell phone records showed that he called the Sally Beauty Supply at 8:58 on the morning of the crimes, using a calling feature to block his number from displaying on the receiving phone's "Caller ID."

At trial, the location of Sally Beauty Supply was clearly established through the store manager's testimony. When the prosecutor attempted to elicit testimony from the Underground Station employee as to that store's location, however, the following transpired:

Q: Okay. Ms. Dexter, where are you employed at currently?

A: Underground Station.

Q: And located where?

A: You want Columbus?

Q: Columbus?

A: Uh-huh (positive response).

---

[1] OCGA § 17-8-57 provides:

It is error for any judge in any criminal case . . . to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

Q: Okay. Where were you employed last July?
A: Underground Station at Peachtree Mall.
Q: Okay. And is that here in Muscogee County?
A: Yes.

> THE COURT: Are there more than one? You've identified one as Columbus and one at Peachtree Mall.

A: Well, I work in Atlanta now at the same.

> THE COURT: At the same one, but you worked at the Underground Station here back then?

A: Yes.

> THE COURT: Peachtree Mall.

At the end of this witness's direct testimony, the following exchange took place:

> THE COURT: Did we establish venue on this one?
> STATE: I asked her if it was in Muscogee County.
> THE COURT: The store where you were working on the 13th where the shoes were bought using the transaction card was in Muscogee County, is that accurate?

A: Yes.

> THE COURT: All right. I know we had some confusion because she had worked at one store and she's now working in another one. I just wanted to make sure.

The trial court's comments regarding venue are similar to those addressed in the recent case of *State v. Gardner*, 286 Ga. 633 (690 SE2d 164) (2010). There, we held that the trial judge did not express or intimate an opinion in violation of OCGA § 17-8-57 when he directed the prosecutor to prove venue, but asked immediately thereafter whether venue had been proven; the prosecutor answered in the negative, and the trial court suggested that he do so.[2] Id. Here, however, the trial court's comments went beyond those in *Gardner*, ultimately resulting in an expression of opinion. Although a trial judge has the discretion to propound questions to a witness in order to clarify testimony, *Finley v. State*, 286 Ga. 47 (9) (a) (685 SE2d 258)

---

[2] In finding no violation of OCGA § 17-8-57, we noted that "we strongly discourage the giving of direction or the use of language that could create the appearance of alignment between the trial court and either the prosecution or defense." Id.

(2009), the comment "I just wanted to make sure" following the trial court's questioning of the witness constituted an expression of opinion that venue had in fact been proven. For this reason, we hold that the Court of Appeals did not err by finding a violation of OCGA § 17-8-57.

2. The State argues that, even if there was a violation of OCGA § 17-8-57, the Court of Appeals erred by reversing all of Anderson's convictions when the trial court's comments regarding venue only pertained to the charge of financial transaction card fraud. We disagree, as the plain language of the statute provides for reversal of the entire case, not a portion thereof. See OCGA § 17-8-57 (when appellate court finds a violation, "the decision in *the case* [will be] reversed, and a new trial granted") (emphasis supplied).

*Judgment affirmed. All the Justices concur, except Thompson and Hines, JJ., who concur specially.*

HINES, Justice, concurring specially.

As I do not believe that the majority draws any valid distinction between the trial court's comments regarding venue in this case and that which transpired in *State v. Gardner*, 286 Ga. 633 (690 SE2d 164) (2010), I cannot join in Division 1 of the majority opinion.

In *Gardner*, the trial court said: "Prove venue. Did you prove venue?" And then: "Why don't we go ahead and do that before we forget it." I see no appreciable difference between the trial court's question in *Gardner* and that in this case: "Did we establish venue on this one?" The addition of the comment "I just wanted to make sure," upon which the majority relies for its declaration that these two cases differ, does not transform the remarks here into a violation of OCGA § 17-8-57; rather, both instances of trial court conduct violated the statute, and this Court should have upheld the statute in *Gardner*, as it does now.

I must also state that I cannot join in the sentiments expressed in footnote 2 of the majority opinion. (Maj. op., p. 160.) If the trial court engages in improper conduct, it should be reversed; if the court's conduct does not violate the statute, why admonish the court?

I am authorized to state that Justice Thompson joins in this special concurrence.

DECIDED MAY 17, 2010.

*Julia F. Slater, District Attorney, Richard W. Mobley, Assistant District Attorney*, for appellant.

*William J. Mason*, for appellee.