## A10A2279. BYRD v. THE STATE.

(705 SE2d 690)

ANDREWS, Judge.

Joe Byrd appeals after a jury found him guilty of aggravated assault and possession of a knife during the commission of a crime. Byrd contends that the trial judge violated OCGA § 17-8-57 by

expressing to the jury his opinion that venue had been proven in the case. We agree and reverse.

The evidence at trial, taken in the light most favorable to the verdict, was that Byrd came to the victim's home on the day in question with one of the victim's friends. Byrd stayed after everyone else had left the victim's house. Byrd was drinking and at some point, became belligerent and refused to leave. During an altercation, Byrd shoved the victim, then took a knife from the kitchen counter and stabbed the victim twice. Byrd and the victim struggled, and Byrd told the victim he was going to kill him. Byrd continued stabbing the victim until the victim's father came in, at which point Byrd ran outside.

The victim's father looked outside and saw Byrd standing by his son's truck holding a rifle. The father got a gun and fired two shots at Byrd before Byrd threw the rifle down and ran away.

Byrd testified in his own defense and said that the victim attacked him with a knife. Byrd admitted that he stabbed the victim in the chest and the back, but said that he was acting in self-defense.

Although not enumerated as error, we conclude that the evidence was sufficient for the jury to find Byrd guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Because the trial court violated OCGA § 17-8-57 by commenting on whether venue had been proven, however, we reverse and remand for a new trial. The transcript shows that during the questioning of an investigator from the sheriff's office, the prosecutor asked: "Now, is that address 254 Currington Road or the trailer where this occurred, is that located —." The trial court interrupted the questioning and said: "It's in Taylor County. We've had two folks to tell us that already." The prosecutor said: "I understand. Just making sure, Judge." The judge responded: "I bet that's the one thing right now I guarantee you that the jury doesn't have a question that this happened in Taylor County."

> Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

*Patel v. State*, 282 Ga. 412, 414 (651 SE2d 55) (2007). Further, venue is challenged whenever a criminal defendant pleads not guilty to the

charges in the indictment. *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000).

OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

In analyzing OCGA § 17-8-57, the Supreme Court held: "It is well established that this statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial. *Paul v. State*, 272 Ga. 845 (537 SE2d 58) (2000); *Allen v. State,* 194 Ga. 178 (2) (21 SE2d 73) (1942)." *Patel*, supra at 414.

Here, when the trial court stated in front of the jury that there was no doubt that the crimes happened in Taylor County, it improperly expressed its opinion as to what had been proved on a disputed issue of fact. The State argues, however, that venue was not contested in this case because both parties stipulated to venue. The transcript shows that after the State finished its closing argument, the trial court brought up the issue of venue, stating: "when we were mopping up our last odds and ends, that I did not get on the record, you had in the charge conference agreed to stipulate as to venue." Defense counsel replied that "we, the defense and the State would stipulate venue." The trial court then stated: "All right. Basically, it's been proven, but it would just save a portion of the charge." The court then instructed the jury: "You will take as proven without any further evidence that the events that are alleged in the bill of indictment occurred in Taylor County, Georgia."

But at the time the judge made his comments, there was no stipulation as to venue and it was still a contested element of the crimes charged. In *State v. Gardner*, 286 Ga. 633 (690 SE2d 164) (2010), the Court noted that "[t]he record does not establish the point at which venue became uncontested, i.e., whether it occurred before or after the exchange regarding venue at issue here." Id. at 635, n. 3. The court assumed, arguendo, that the issue of venue was contested at the time of the judge's remarks, but held that the directive to "prove venue" was not an expression or intimation as to whether it had been proven. Id.

Here, the court clearly expressed its opinion that venue had been proven. And, at the time the court made its comments, the record shows that venue was still contested. Accordingly, "[i]n light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse [Byrd's] conviction and remand the case to the trial court for a new trial." *Chumley v. State*, 282 Ga. 855, 858 (655 SE2d 813) (2008). See also *Patel*, supra at 414 ("It is well established that this statutory language is mandatory and that a violation of OCGA § 17-8-57 requires a new trial.").

*Judgment reversed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JANUARY 20, 2011.

*Robert L. Wadkins*, for appellant.

*Julia Fessenden Slater, District Attorney, Wayne Jernigan, Jennifer E. Dunlap, Assistant District Attorneys*, for appellee.