Thompson, Chief Justice.
Appellant Steven Rouse was found guilty of felony murder and robbery in connection with the beating death and robbery of Scott Gillens. His motion for new trial, in which he asserted the general grounds, was denied, and he appeals, arguing that the trial court erred by commenting on the evidence in violation of OCGA § 17-8-57. After reviewing the record and relevant case law, we agree that the trial court’s statement to the venire that the murder “happened in Muscogee Count/’ violated OCGA § 17-8-57 and reverse the judgment of the trial court.[1]
1. Viewing the evidence in the light most favorable to the jury’s verdict, the evidence presented at trial revealed that Melissa and *214 Missy Conaway showed their boyfriends, Charles Mellinger and Brian Dewberry, sexual text messages sent to them by the victim. While Mellinger and Dewberry stated an initial desire to “jump” the victim, all four individuals eventually formulated a plan to lure the victim to their house so that Mellinger and Dewberry could rob him. Dewberry, who is appellant’s brother, asked appellant to help with the robbery, and appellant agreed.
On the day of the crimes, Melissa invited the victim to an apartment complex near her house in Muscogee County and agreed to have sex with him in exchange for cigarettes. Melissa and the victim later went to the store to get the cigarettes while Missy called appellant. Appellant told Missy to have Melissa take the victim to a nearby parking area next to some woods. After the victim parked near the woods, Melissa walked away from the victim’s truck. Appellant, Dewberry and Mellinger, who had been waiting in the woods, then approached the victim. Appellant punched the victim, placed him in a choke hold, and kicked him in the head and throat several times while he lay on the ground. Mellinger took the victim’s wallet but threw it in the bushes after discovering it contained no money. The victim died as a result of injuries to his head and neck resulting in asphyxiation. Appellant, who was arrested later that day, admitted to police that he hit and kicked the victim in the head and throat, but he claimed he did so in self-defense.
We find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).
2. Appellant contends the trial court violated OCGA § 17-8-57 by improperly expressing to the venire during jury selection its opinion that venue was proper in Muscogee County. OCGA § 17-8-57 provides:
It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.
The language of this statute is mandatory, thus any violation of OCGA § 17-8-57 requires a new trial regardless of whether there has *215 been any showing of actual prejudice to the defendant. See Patel v. State, 282 Ga. 412, 415 (651 SE2d 55) (2007). See also Collier v. State, 288 Ga. 756, 763 (707 SE2d 102) (2011) (Nahmias, J., concurring specially) (if violation of OCGA § 17-8-57 is found, “conviction will be reversed without further consideration of the effect of the error on the defendant’s substantial rights or the fairness and integrity of the proceeding”); State v. Gardner, 286 Ga. 633, 634 (690 SE2d 164) (2010) (because violation of OCGA § 17-8-57 will always constitute plain error, failure to object does not waive issue on appeal).
The record in this case reflects that during its preliminary instructions to the venire, the trial court commented as follows:
This process this morning is what[ ] we call voir dire. Voir dire just simply means to speak the truth. This means that you will be hearing about a case, which is a murder case, that happened in Muscogee County, and you’ll be asked questions about this case.
The court’s statement that jurors would be hearing a case that happened in Muscogee County clearly and unambiguously suggested that venue in Muscogee County had been established or was not in dispute in this case. Venue is a jurisdictional element that must be proved by the State beyond a reasonable doubt in every criminal case, and the determination of whether venue has been established is an issue soundly within the province of the jury. See Patel, supra, 282 Ga. at 414. We find that when, as in this case, a trial judge makes a statement to jurors, however inadvertent or unintentional, informing them that a crime occurred in a particular county, i.e., a particular venue, the making of the statement violates OCGA § 17-8-57 because it could be construed as a comment regarding a required element of the State’s case. Id. See Jones v. State, 189 Ga. App. 232 (1) (375 SE2d 648) (1988) (fact that court did not intend to express opinion about issue within province of jury did not excuse violation of OCGA § 17-8-57). That the critical element about which the comment is made is a jurisdictional element of the State’s case makes no difference for purposes of OCGA § 17-8-57; a comment made by a trial court affirmatively establishing a disputed element the State has the burden of proving at trial is error, and this Court cannot surmise whether it may have caused actual prejudice to the defendant. See Murphy v. State, 290 Ga. 459 (2) (722 SE2d 51) (2012) (trial court’s favorable comments about witness violated OCGA § 17-8-57 because it is impossible to determine that jurors were not influenced).
This conclusion is supported by and entirely consistent with our recent decision in Patel v. State, supra, where we held violative of *216 OCGA § 17-8-57 a trial court’s statement before jurors that “[v]enue is proper in Fayette County.” Although the trial court in the instant case did not specifically reference “venue” in its statement, we find no substantive difference between a court’s statement that “[v]enue is proper in Fayette County” and a statement that the crime “happened in Muscogee County.” Both statements inform or intimate to the jury the trial court’s opinion as to a critical element of the State’s case, thereby potentially influencing jurors in their evaluation of whether the State has met its burden of proof at trial. See also State v. Anderson, 287 Ga. 159, 161 (695 SE2d 26) (2010) (holding that trial court’s question whether venue had been established and questioning of a witness as to the location of the crime followed by the comment “I just wanted to make sure” constituted an improper expression of opinion that venue had in fact been proven).
The State asserts that reversal is not required because the court’s comment was a “slip of the tongue” or was needed “to orient the venire to the time and place the crime was alleged to have occurred.” None of the cases cited by the State in support of these propositions, however, involved an explicit comment by a trial judge indicating the court’s opinion that a critical element that must be proved by the State was not in dispute.[2] See Linson v. State, 287 Ga. 881, 883-884 (700 SE2d 394) (2010) (statement during preliminary instructions that State may not use all of its witnesses and “may think they don’t need them all” provided no basis for reversal under OCGA § 17-8-57 because it did not address credibility of the witnesses or any fact at issue in trial); Sutton v. State, 263 Ga. App. 188, 191 (587 SE2d 379) *217 (2003) (no reversible error when trial court explained to jurors how to use verdict form, but instructed them “to remember to consider each defendant guilty”); Atkins v. State, 253 Ga. App. 169, 170-171 (2) (558 SE2d 755) (2002) (court’s reference to “facts” in the indictment was not a comment on evidence or opinion of guilt).
Nor can we agree with the State’s suggestion that an improper comment made during preliminary instructions to the venire does not constitute a violation of OCGA § 17-8-57. OCGA § 17-8-57 prohibits a judge in a criminal case “during its progress or in his charge to the jury” from expressing or intimating an opinion on the evidence or the accused’s guilt or innocence. It is beyond dispute that voir dire is part of the “progress” of a case, and the State concedes that the jurors ultimately charged with determining whether the State had proved the essential elements of its case against appellant, including the venue element, were members of the venire to which the trial court’s comment was directed. See Ellington v. State, 292 Ga. 109, 124 (7) (b) (735 SE2d 736) (2012) (“[mjuch like cross-examination is the engine of truth in our justice system, voir dire is the engine of selecting a jury that will be fair and impartial); Zamora v. State, 291 Ga. 512, 518 (7) (b) (731 SE2d 658) (2012) (proceedings during which jury is selected is critical stage).
Contrary to the State’s argument and the position taken by the dissent, even considering the trial court’s statement in context, it cannot be construed as a mere comment on the evidence jurors could expect to hear. The challenged statement was made during the trial court’s description of voir dire, explaining that venire members would “be hearing about a case . . . that happened in Muscogee County.” It was not made in the context of the court’s explanation of the allegations of the indictment or the State’s burden of proof and cannot, therefore, reasonably be construed as a comment on what the State was expected to prove at trial. While this Court on several occasions has found no violation of OCGA § 17-8-57 on the basis that a trial court’s comments referenced only the State’s allegations, in each of these cases the context of the subject being discussed or the trial court’s contiguous comments clearly demonstrated that the trial court was referring to the State’s allegations or evidence that would be offered by the State during its presentation of evidence. See Foster v. State, 290 Ga. 599, 600-601 (2) (723 SE2d 663) (2012) (finding no violation of OCGA § 17-8-57 in court’s pre-evidentiary charge that “ ‘State will introduce evidence in support of the charges contained in the indictment’ ”); Cammon v. State, 269 Ga. 470, 475 (8) (500 SE2d 329) (1998) (trial court’s reference during preliminary instructions to evidence that “ ‘will be developed’ ” regarding the manner in which *218 crime was committed was reference to evidence jurors could expect to hear, not unauthorized expression of opinion as to what had been proven).
Arguing that additional instructions given by the trial court can be considered when determining the “context” of a trial court’s statement, the dissent would find no violation of OCGA § 17-8-57 because, it argues, jurors here likely would not have interpreted the court’s statement that the murder happened in Muscogee County as an expression of its opinion on proof of venue because the trial court subsequently instructed jurors that what the court said is not evidence and reminded them it was their responsibility to decide the case based on the evidence presented. In support of its argument, the dissent cites Jarnigan v. State, 295 Ga. 603 (761 SE2d 256) (2014), Ellis v. State, 292 Ga. 276 (736 SE2d 412) (2013), and Linson v. State, 287 Ga. 881 (700 SE2d 394) (2010). A careful review of these cases reveals, however, that they do not stand for this proposition. In each of the cited cases, this Court held the challenged statements, standing alone, did not violate OCGA § 17-8-57. The Court went on to acknowledge in dicta that the court had given additional instructions, but the giving of such instructions was not the basis of this Court’s decisions. The rule in Georgia remains that any violation of OCGA § 17-8-57 is subject to the super-plain-error standard of review, and no amount of additional instruction can cure the presumed, inherent prejudice caused by a violation of this statute. See Patel, supra, 282 Ga. 412; Gardner, supra, 286 Ga. at 634. While a court’s other statements or instructions can affect the context and, therefore, the meaning of a court’s statement, when a trial court makes a clear statement regarding whether a critical element of the State’s case has been or needs to be established, a later instruction reminding jurors that they are the ones who ultimately decide whether the State has met its burden of proof cannot cure the presumed prejudice caused by the court’s expression of its opinion of the evidence.
We conclude that under the circumstances of this case the trial court’s statement to the venire that the crime took place in Muscogee County expressed or intimated the court’s opinion as to a disputed issue of fact at trial in violation of OCGA § 17-8-57. In light of the mandatory nature of the statute, the judgment of the trial court must be reversed, and appellant must be granted a new trial. See Patel, supra, 282 Ga. at 414 (2).

Judgment reversed.

All the Justices concur, except Hines, P. J., Nahmias and Blackwell, JJ., who dissent.

 The crimes occurred on September 3,2006. Appellant was indicted by a Muscogee County grand jury on February 13, 2007, on charges of malice murder, felony murder, and robbery. Following a jury trial from August 28-31, 2007, appellant was found guilty on August 31, 2007, of felony murder based on the underlying felony of robbery. On September 10, 2007, he was sentenced to life in prison for the felony murder conviction. Appellant filed a motion for new trial on September 11, 2007, which was denied on March 17, 2014. Appellant’s notice of appeal was filed on March 24, 2014. The appeal was docketed in this Court for the April 2014 term and orally argued on July 7, 2014.

 Although the dissent argues that venue was not in dispute in this case, the authority it offers for this proposition is inapposite because those cases either did not involve a trial court’s comment on a required element of the State’s case or the defendant affirmatively conceded the fact issue about which the trial court commented. See McCloud v. State, 166 Ga. 436 (143 SE 558) (1908) (defendant admitted he was in police custody when he shot the victim); Taylor v. State, 135 Ga. 622 (70 SE 237) (1911) (trial court’s comment that the victim was “killed” did not violate rule prohibiting court from commenting that a particular fact had been proved because defendant, whose only defense was alibi, in his own statements referred to the “killing” of the victim); Johnson v. State, 30 Ga. 426, 431 (1860) (it was not error for trial court to state in presence of jurors that the shooting was not in dispute where defendant admitted shooting the victim but claimed justification for doing so); Thomas v. State, 27 Ga. App. 38 (107 SE 418) (1921). Similarly, in Sauerwein v. State, 280 Ga. 438, 439 (629 SE2d 235) (2006), the uncontested fact about which the trial court commented was whether the child victim was teething at the time the crime occurred, clearly not a fact the State was required to prove in order to convict Sauerwein of the child’s murder. Here, appellant pled not guilty to the crimes charged, thereby placing venue in dispute, and he made no concessions or affirmative statements at trial to the effect that he was not holding the State to its burden of proving venue. The dissent’s suggestion that appellant’s failure to present venue evidence at trial authorized the trial court to express its opinion about whether the State had met its burden of proving venue runs afoul of our OCGA § 17-8-57 precedent and would unconstitutionally shift the burden of proof in a criminal proceeding.