S06A0089. SAUERWEIN v. THE STATE.
(629 SE2d 235)

SEARS, Chief Justice.

A Camden County jury convicted Christopher Sauerwein of felony murder and cruelty to children for his role in the death of his infant son, Dalton.[1] On appeal, Sauerwein contends that the trial court improperly commented on the evidence. Because the trial court's comments did not pertain to an issue in dispute, however, we affirm.

1. The evidence introduced at trial showed that early on January 28, 1995, Rebecca Sauerwein awoke to find her infant son, Dalton, bruised and shaking in his crib. She rushed him to the hospital, where he was diagnosed with a severe closed-head injury resulting from substantial blows to the head. After a determination that brain-death had occurred, Dalton was removed from life support and died.

The preceding evening, Rebecca and Christopher had dinner at their neighbor's house, where Christopher became very drunk. Later that night, Rebecca went to sleep but Christopher stayed up with a friend and continued drinking. Christopher checked on Dalton a couple of times when he cried, and on one occasion, he admitted striking the child multiple times, causing him to bleed. He denied striking Dalton with sufficient force to cause the injuries he sustained. Rebecca testified that the bruises she found on Dalton's head and body in the morning had not been present the previous evening.

---

[1] The crimes were committed on January 27, 1995. On April 4, 1995, Sauerwein was indicted by a Camden County grand jury for felony murder and cruelty to children. On March 29, 1996, the jury convicted Sauerwein on both counts, and he received a life sentence. Sauerwein moved for a new trial on April 15, 1996. The trial court denied the motion on April 22, 1998. After the appointment of new counsel, the case was remanded by this Court and an amended motion for new trial was filed on June 4, 2001, to assert the claim that trial counsel was ineffective. That motion was denied on August 1, 2005, and Sauerwein filed a timely notice of appeal. The case was docketed in this Court on September 14, 2005, and submitted for decision without oral argument on November 8, 2005.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Sauerwein guilty of the crimes for which he was convicted.[2]

2. Sauerwein argues that the trial court improperly intimated its opinion in this case when it asked Dalton's mother if the child had been teething at the time the crime occurred. "It has long been part of Georgia jurisprudence that a trial judge may propound questions to any witness for the purpose of developing fully the truth of the case, and the extent of such an examination is a matter for the trial court's discretion."[3] Under OCGA § 17-8-57, however, a trial court is prohibited from expressing an opinion "as to what has or has not been proved or as to the guilt of the accused." If a trial court violates this prohibition, this Court is required to order a new trial,[4] and there can be no finding of harmless error.[5]

Courts of this State have always recognized, however, that a statement by a trial court concerning a fact that is uncontested or is not in dispute does not constitute a violation of this statute.[6] In Brown v. State, for example, the trial court questioned a witness regarding the photographic lineup that had been presented to the victim, and, in doing so, intimated its opinion that the lineup was not unduly suggestive.[7] The Court of Appeals affirmed the conviction, however, because the defendant never claimed that the lineup was suggestive.[8] Thus, the trial court's comments did not require a new trial.

In this case, Sauerwein argued that Dalton's ultimately fatal head injury had been inflicted before the time that he struck the child. In support, Sauerwein introduced evidence showing that Dalton had been crying more than normal on the night before the incident and

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Mullins v. State*, 269 Ga. 157, 158-159 (496 SE2d 252) (1998).

[4] OCGA § 17-8-57 ("[s]hould any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted.").

[5] *Paul v. State*, 272 Ga. 845, 848 (537 SE2d 58) (2000); *Crawford v. State*, 139 Ga. App. 347, 349 (228 SE2d 371) (1976).

[6] See, e.g., *Johnson v. State*, 30 Ga. 426, 431 (5) (1860) (not error to state a fact that is undisputed by the defense); *McCloud v. State*, 166 Ga. 436, 444 (143 SE 558) (1928) ("[w]hile the judge is forbidden to express an opinion as to whether any particular fact has been proved, yet, when the evidence to establish a fact is undisputed, and the fact is admitted by the accused on his trial, it is not error for the judge to [state that fact] to the jury"); *Thomas v. State*, 27 Ga. App. 38, 40 (3) (107 SE 418) (1921) (the statute "which prohibits a trial judge from expressing or intimating his opinion as to what has or has not been proved 'refers to the expression or intimation of an opinion touching some fact at issue in the case, and not to something that is conceded by both parties.' "); *McKee v. State*, 275 Ga. App. 646, 650 (621 SE2d 611) (2005) (trial court's comment on undisputed fact was not a violation of the statute).

[7] 251 Ga. App. 343, 345 (554 SE2d 321) (2001).

[8] Id.

that he had been uncharacteristically "fighting sleep." During the testimony of the child's mother, the trial court asked whether the baby had been teething around the time of the crime. The mother responded affirmatively, and the trial court stated, "I can tell you gentlemen, I don't know what else might have been wrong with this baby, but I'll tell you one thing. It appears that this baby was teething on top of whatever else was wrong with him." After the defendant objected and moved for a mistrial, the trial court denied the motion but instructed the jury that "[b]y asking the question, the court does not intend to intimate or suggest to you that this was what was wrong with this baby, if anything, on that evening."

Later, Sauerwein stated during his testimony that he had been told by multiple people that Dalton was teething, and another defense witness testified that they had been using medication to alleviate Dalton's discomfort from the teething.

We find that the trial court's statement does not constitute a violation of the statute because the fact that the child was teething at the time the crime occurred was undisputed and never contradicted by any evidence. "It is not a violation of the statute which prevents a trial judge of the superior court from expressing an opinion as to what facts have been proved, where a fact stated by the trial judge as having been proved is established by uncontradicted testimony."[9]

Nonetheless, we take this opportunity to warn trial courts to avoid making the type of remarks made by the trial court in this case in order to diligently avoid any appearance of partiality.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006.

*Cook & Connelly, Bobby Lee Cook, L. Branch Connelly, Jeffrey G. Gilley,* for appellant.

*Stephen D. Kelley, District Attorney, George C. Turner, Jr., Leslie K. DeVooght, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General,* for appellee.

---

[9] *Rentz v. Collins,* 51 Ga. App. 782 (181 SE 678) (1935).