A09A0061. ROLLAND v. THE STATE.
(676 SE2d 296)

ANDREWS, Presiding Judge.
Dennis Rolland was found guilty by a jury of aggravated assault; kidnapping with bodily injury; two counts of kidnapping; two counts

---

of misdemeanor cruelty to children in the third degree; and obstruction of a 911 telephone call. Rolland does not dispute the fact that the evidence was sufficient to support the guilty verdicts. His sole claim on appeal is that the trial court committed reversible error in violation of OCGA § 17-8-57 by giving a jury charge in which the judge expressed an opinion that statements made by a witness for the State were reliable or true. Because we found in *Starr v. State*, 269 Ga. App. 466 (604 SE2d 297) (2004), that the same jury charge violated OCGA § 17-8-57 and required reversal, we conclude that *Starr* controls the present appeal, and the judgment of conviction must be reversed.

The State presented evidence that Rolland assaulted the victim with a knife; prevented the victim from making a 911 call; and inflicted bodily injury on the victim while kidnapping her and her two minor children and forcing them into his car. Evidence was also presented that Rolland knowingly allowed the children to see and hear his assault and kidnapping of their mother. In addition to testimony from the victim, the State presented testimony from a police officer pursuant to the child hearsay statute (OCGA § 24-3-16) that one of the minor children, the victim's five-year-old daughter, told him that she saw Rolland hitting her mother and that her mother fell out of the car and got hurt. During rebuttal, the State presented testimony from the same daughter that she saw Rolland hit her mother and stab her mother with a knife.

As part of its final charge to the jury at the close of evidence, the trial judge gave an instruction at the State's request which substantially tracked the language of OCGA § 24-3-16:

> I charge you that a statement made by a child under the age of fourteen years describing any physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

Rolland contends that instructing the jury that the minor child's statement to the police officer was admitted into evidence because the court found it had "sufficient indicia of reliability" constituted an expression of opinion by the judge as to what had been proved in violation of OCGA § 17-8-57. In *Starr*, 269 Ga. App. at 466-468, the trial judge gave virtually the same jury instruction, and we considered a similar claim that the instruction violated OCGA § 17-8-57. Under OCGA § 17-8-57,

[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

As we held in *Starr*, the above instruction violated OCGA § 17-8-57 and requires reversal because the jurors could have reasonably taken the instruction to be an expression or intimation of the judge's opinion that the minor child's statements were reliable or true. *Starr*, 269 Ga. App. at 467-468.

Although the trial court realized the error and attempted to correct it by giving curative instructions to the jury, we find that this was not sufficient to cure the violation. *Starr*, 269 Ga. App. at 468.

[I]n those instances in which a technical violation of OCGA § 17-8-57 occurs in the giving of a jury charge, when the charge does not otherwise assume certain things as facts and intimate to the jury what the judge believes the evidence to be, the giving of additional or curative instructions may suffice to correct the error. See *Sims v. State*, 266 Ga. 417 (2) (467 SE2d 574) (1996).

*Patel v. State*, 282 Ga. 412, 415, n. 5 (651 SE2d 55) (2007). This is not such a technical violation subject to correction by curative instructions. *Starr*, 269 Ga. App. at 468.

*Judgment reversed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 24, 2009 —

*Harrison, Medlin & Quesenberry, Rodney A. Quesenberry*, for appellant.

*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.