**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 3, 2015**

# In the Court of Appeals of Georgia

A14A1941. PALMER v. THE STATE.

BARNES, Presiding Judge.

A jury found Timothy Palmer guilty of two counts of aggravated child molestation and one count of statutory rape,[1] and the trial court denied his motion for a new trial. On appeal, Palmer contends that the trial court committed reversible error in violation of OCGA § 17-8-57 by giving a jury instruction on statements by a child describing sexual contact or physical abuse in which the court expressed an opinion regarding the reliability of the child's statements. Because we determined in *Rolland v. State*, 296 Ga. App. 889, 891 (676 SE2d 296) (2009), and *Starr v. State*, 269 Ga. App. 466, 467-468 (1) (604 SE2d 297) (2004),[2] that virtually the same jury

---

[1] The jury acquitted Palmer of aggravated sexual battery and child molestation.

[2] *Starr* subsequently was overruled in part on other grounds by *Hatley v. State*, 290 Ga. 480, 483 (I) (722 SE2d 67) (2012).

instruction violated OCGA § 17-8-57 and required reversal, Palmer's convictions must be reversed and the case remanded for a new trial.

1. At trial, in addition to the testimony of the child victim, the State introduced into evidence and played for the jury a video recording of the victim's forensic interview. The victim's mother and the lead detective assigned to the case also testified regarding the victim's disclosures of sexual abuse to them. Subsequently, during its charge to the jury, the trial court gave the following instruction on statements made by a child describing sexual contact or physical abuse:

> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another shall be admissible in evidence by the testimony of the person to whom made if the child is available to testify in the proceedings and *if the court finds that the circumstances of the statement provide sufficient indicia of reliability*.

(Emphasis supplied.) See OCGA § 24-8-820 (Supp. 2012).[3]

---

[3] This charge mirrors the language of OCGA § 24-8-820 (Supp. 2012), which governed Palmer's trial in March 2013. See Ga. Laws 2011, Act 52, § 101. With respect to offenses occurring on or after July 1, 2013, a new version of the child hearsay statute applies that, among other things, omits the statutory requirement that the trial court determine whether the circumstances of the statement provide sufficient indicia of reliability before admitting the hearsay evidence. See OCGA § 24-8-820 (2013); Ga. L. 2013, p. 222, §§ 13, 21/HB 349.

Palmer contends that the trial court's instruction, in light of the language informing the jury that the court found that the circumstances of the child's statements had "sufficient indicia of reliability," constituted an improper comment on the evidence in violation of OCGA § 17-8-57. We agree.

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57. "Even if defense counsel fails to raise an objection, if the trial court violates this statutory provision, we are required to order a new trial, and there can be no finding of harmless error." (Citations and punctuation omitted.) *Booker v. State*, 322 Ga. App. 257, 259 (1) (744 SE2d 429) (2013). See *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010); *Sauerwein v. State*, 280 Ga. 438, 439 (2) (629 SE2d 235) (2006).

In *Rolland*, 296 Ga. App. at 890-891, and *Starr*, 269 Ga. App. at 466-468 (1), the trial court gave virtually the same jury instruction on statements of a child describing sexual contact or physical abuse, and we considered a similar claim that the instruction violated OCGA § 17-8-57. We concluded in both cases that the jury instruction violated OCGA § 17-8-57 and required reversal because the jurors could have reasonably taken the instruction to be an expression or intimation of the trial

3

court's opinion that the child's statements were reliable or true. See *Rolland*, 296 Ga. App. at 891; *Starr*, 269 Ga. App. at 467-468 (1).

Based on this binding precedent, we conclude that the trial court's jury instruction violated OCGA § 17-8-57. "Given the mandatory nature of OCGA § 17-8-57 and the case law interpreting it, we must reverse [Palmer's] conviction[s] and remand the case to the trial court for a new trial." *Murphy v. State*, 290 Ga. 459, 461 (2) (722 SE2d 51) (2012). See *Gardner*, 286 Ga. at 634; *Sauerwein*, 280 Ga. at 439 (2).

2. Given our decision in Division 1, we need not address Palmer's claim that the State failed to prove venue for one of the aggravated child molestation counts.[4] The remedy for the failure to prove venue is to reverse and remand for a new trial if the State otherwise presented sufficient evidence to prove that the defendant committed the crime. See *Powers v. State*, 309 Ga. App. 262, 264 (1) (709 SE2d 821) (2011). Here, the evidence was sufficient to prove that Palmer committed the alleged act of aggravated child molestation; therefore, retrial is not barred by Double Jeopardy considerations. See *Jones v. State*, 272 Ga. 900, 905 (4) (537 SE2d 80)

---

[4] We likewise need not address Palmer's claim of ineffective assistance of counsel.

(2000). And because the remedy for failing to prove venue would be a retrial, which we already held in Division 1 must occur in this case, we need not resolve the venue question raised by Palmer in this enumeration of error.

*Judgment reversed and case remanded. Boggs and Branch, JJ., concur.*