302 Ga. 222
FINAL COPY

S17A1290. McNEAL v. THE STATE.

Boggs, Justice.

Appellant Demetrius McNeal was tried before a jury and found guilty of malice murder, felony murder, aggravated assault, criminal attempt to commit robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer.[1] The charges stemmed from the shooting death of William Callison and the attempted robbery of David Reid. McNeal now appeals, asserting that the trial court erred in commenting on the evidence and in refusing to give his requested jury instruction on accident.

[1] The crimes occurred in September 2010. On December 21, 2010, a Fulton County grand jury indicted McNeal on charges of malice murder, felony murder (three counts), aggravated assault with a deadly weapon, criminal attempt to commit robbery, possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer. Following an April 2012 jury trial, the jury found McNeal guilty on all counts. The trial court merged the aggravated assault count, and the felony murder counts were vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 372-373 (5) (434 SE2d 479) (1993). The court sentenced McNeal to life plus 15 years. His motion for new trial was filed on May 2, 2012, amended on November 4, 2015, and denied on August 11, 2016. McNeal's notice of appeal was filed on September 9, 2016. This case was docketed in this Court for the April 2017 term and submitted for a decision on the briefs.

For the following reasons, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that McNeal had been drinking and playing cards with two friends, Tradon Crawford and Deondre Redmon, on the front porch of a boarding house. Crawford's father was a tenant at the boarding house. A female acquaintance of McNeal, Darshawna Taylor, drove up to the house to give the three men a ride to the store. McNeal went inside the house to retrieve shirts for them to wear, but instead went into another tenant's room. The tenant, David Reid, awoke to find McNeal rummaging through his right pocket as if he was "looking for something." Reid got up, grabbed McNeal and got on top of him. William Callison, the property manager of the boarding house, came into the room and asked what was going on. Reid explained to him that McNeal tried to rob him. Crawford and Redmon came into the room, knocked Reid off of McNeal, and dragged Callison out into the hall. Reid then closed and locked his door. Crawford testified that when he went back inside to retrieve the shirts that McNeal was supposed to retrieve, Callison locked the metal screen door to the house from the inside and he and McNeal began to argue through the door. McNeal pulled out a gun and fired through the screen door. The bullet hit

2

Callison in the left shoulder, and he died at the scene.

McNeal, Crawford, and Redmon left in Taylor's car. As they drove away, Crawford and Redmon asked McNeal why did "you go in there and try to rob that man . . . why did you shoot [Callison]?," to which McNeal responded, "I ain't got nothing else to live for. My grandmama dead. I don't care. I turn myself in right now." When Taylor informed McNeal that the news reported Callison had died, McNeal told her "he was fixing to kill himself." Taylor called 911.

McNeal was arrested, and in a recorded statement played for the jury told police that he did not try to rob Reid but was "drunk," stumbled into his room, and fell on him. He stated further that Reid and Callison attacked him, and that he shot through the screen door because he believed that Crawford was trapped in the house.

1. McNeal does not challenge the sufficiency of the evidence. Nevertheless, we have independently reviewed the record and conclude that the evidence, as outlined above, was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that McNeal was guilty of the crimes for which he was convicted under the standard of Jackson v. Virginia, 443 U.

3

S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. McNeal argues that the trial court erred in refusing to give his requested jury charge on accident. He argues that there was ample evidence presented that he did not intend to shoot Callison and did not attempt to rob Reid but only stumbled into his room and fell on him by accident.[2] But the "[d]enial of a requested charge to the jury is proper if the charge is not legal, apt, precisely adjusted to some principle involved in the case, and authorized by the evidence." (Citation omitted.) Rashid v. State, 292 Ga. 414, 421 (6) (737 SE2d 692) (2013). And "[w]hether the evidence presented is sufficient to authorize a charge on accident, or any other defense, is a question of law. [Cit.]" Kellam v. State, 298 Ga. 520, 521 (2) (783 SE2d 117) (2016).

Although McNeal told police that he speculated he stumbled into Reid's room by accident, fell on him, and grabbed him because he was intoxicated, there was no evidence that he rummaged through Reid's pocket by accident as Reid lay asleep on the bed. Moreover, an affirmative defense is one "that admits

[2]As McNeal concedes, he complained of the court's failure to instruct the jury on accident only with regard to the attempted robbery charge. We would therefore review for plain error the court's failure to instruct the jury on accident for the murder charge. But as we hold here, there was no error in the court's failure to instruct the jury on accident, much less plain error. See, e.g., Daniel v. State, 301 Ga. 783 n.1 (804 SE2d 61) (2017).

4

the doing of the act charged but seeks to justify, excuse, or mitigate it." (Citation and punctuation omitted.) Kellam, supra, 298 Ga. at 522 (2). McNeal points to nothing in the record to establish that he went through Reid's pocket in a manner such that he would be entitled to an instruction on accident. Nor was there evidence that McNeal fired the shot at Callison by accident. In fact, McNeal presented a justification defense, arguing that he shot Callison in defense of Crawford. "Since accident was not reasonably raised by the evidence, the trial court did not err by failing to give a charge on that defense." (Citation omitted.) Id.

3. McNeal contends the trial court impermissibly commented on the evidence in violation of former OCGA § 17-8-57 in instructing the jury that identity is not an issue with regard to the aggravated assault and murder charges because he admitted to shooting Callison.

During the charge conference, the trial court stated that it would not charge on identification "since that's not an issue in this case." Following the court's instructions to the jury, defense counsel objected to the court's failure to instruct on identification. Counsel argued: "[O]bviously, . . . there was an identification issue with regard to the robbery or attempted robbery in Mr.

5

Reid's room. There was a clear problem with identity . . . the identity of the accused is — is part of what has to be proven." The trial court responded: "Identity, I had asked y'all because I didn't think it was involved, and y'all didn't specifically point out the robbery. And I didn't think about it in that light. I don't mind charging identity." The court then called the jury in and instructed as follows:

> There's one additional charge that I would like to give you that I left out, and that's as to identity. One of the elements of the crime is that the identity of the perpetrator has to be shown beyond a reasonable doubt. And as it relates to the aggravated assault and the murder, the defendant admits to shooting and firing the weapon, so identity is not an issue. But as to the attempted robbery, it is an issue, and the defendant contends he did not attempt to rob Mr. Reid. So as to identity, as to the attempted robbery I charge you identity is a question of fact for you to determine.

Following this instruction, defense counsel acknowledged that it was responsive to his request, but complained "we didn't expect you to qualify the identity charge with the robbery, our only objection could be that — that qualifying it like that could be construed as [a] comment on the evidence." The trial court responded that it "was just trying to clarify" identity for the jury at the request of counsel and that if there was any error in the charge, it would be harmless.

6

McNeal complains that although the trial court stated that any error would be harmless, he did not testify at trial, and the jury was instructed that it did not have to believe his statement to police and that it had to determine whether the statement was given knowingly and voluntarily. Former OCGA § 17-8-57, applicable at the time of McNeal's trial, provided in part: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

We have held, however, that "a statement by a trial court concerning a fact that is uncontested or is not in dispute does not constitute a violation of this statute." (Citations and footnote omitted.) Sauerwein v. State, 280 Ga. 438, 439 (2) (629 SE2d 235) (2006). Here, defense counsel in opening and closing remarks explained to the jury that McNeal fired the gun at Callison in defense of Crawford, whom he thought was in danger, and the trial court charged the jury on this principle and also instructed on self-defense. Two witnesses observed McNeal fire the gun at Callison, and McNeal told police that he did so. See McLean v. State, 297 Ga. 81, 83 (2) (772 SE2d 685) (2015) (no violation of OCGA § 17-8-57 when trial court told jury that defendant admitted shooting

7

for purposes of defense theories of justification and accident); see <u>Sauerwein</u>, supra, 280 Ga. at 440 (2) (no violation of OCGA § 17-8-57 where court stated fact that was established by uncontradicted testimony). Because it was undisputed and never contradicted by any evidence that McNeal shot Callison, it is clear that the trial court's instruction to the jury did not violate former OCGA § 17-8-57.

<u>Judgment affirmed. All the Justices concur.</u>

Decided October 2, 2017.

Murder. Fulton Superior Court. Before Judge Newkirk.

Eric J. Taylor, for appellant.

Paul L. Howard, Jr., District Attorney, Kevin C. Armstrong, Lyndsey H. Rudder, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Aimee F. Sobhani, Assistant Attorney General, for appellee.