A08A1448. EGANA v. HSBC MORTGAGE CORPORATION, INC.
(669 SE2d 159)

MILLER, Judge.

In this dispossessory case, Denaud Egana appeals from the trial court's order granting HSBC Mortgage Corporation, Inc. ("HSBC") a writ of possession to a piece of residential property located in Austell. Egana argues that the trial court erred in (1) admitting into evidence a security deed, which he claimed was fraudulent, without requiring HSBC to affirmatively prove the deed was genuine and (2) refusing to allow him to cross-examine HSBC's counsel as to the security deed's genuineness. "The admission of evidence lies in the sound discretion of the trial court. [Cit.]" *Dept. of Transp. v. Mendel*, 237 Ga. App. 900, 902 (2) (517 SE2d 365) (1999). Finding no abuse of discretion in the trial court's evidentiary rulings, we affirm.

HSBC filed the underlying dispossessory action on or about December 6, 2007, claiming that it had purchased the property at a foreclosure sale and Egana was a tenant at sufferance. Egana filed an answer on or about December 18, 2007 asserting that he is the lawful

owner of the property, denying HSBC's claims, and asserting that HSBC's claim for a writ of possession was fraudulent. At a January 2008 bench trial of the case, HSBC tendered into evidence certified copies from the Cobb County Superior Court of a security deed Egana executed in favor of Mortgage Electronic Registration Systems, recorded September 26, 2006; a corporate assignment of mortgage to HSBC, recorded December 18, 2007; and a deed under power evidencing the foreclosure sale to HSBC, recorded December 18, 2007. Egana testified that he never signed the security deed and claimed the deed was fraudulent.

1. Egana claims that once he testified that the security deed was a fraud, HSBC bore the burden of establishing that the deed was genuine. Egana claims that HSBC failed to carry this burden and, therefore, the trial court erred in admitting the deed into evidence. We disagree.

As an initial matter, we do not accept HSBC's contention that the issue of whether the security deed is genuine is irrelevant. "The defense of lack of [a] landlord-tenant relationship is a proper defense to a dispossessory action." (Citations and punctuation omitted.) *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 594 (3) (409 SE2d 71) (1991). Thus, while "[c]laimed defects in the landlord's title to premises cannot be raised as a defense [in a dispossessory action]," Egana's claim that he, not HSBC, owns the property is relevant "to the extent that it challenges the allegations that [HSBC] owns the premises" and that Egana is therefore a tenant at sufferance. (Citations and punctuation omitted.) Id. at 593 (2). Thus, the trial court correctly determined that it should consider the security deed insofar as it pertains to the issue of whether a landlord-tenant relationship existed between HSBC and Egana.

We also find, as the trial court did, that HSBC established that the security deed was genuine by introducing a certified copy of that deed recorded in the Superior Court of Cobb County. OCGA § 44-2-23 provides:

> A recorded deed shall be admitted in evidence in any court without further proof unless the maker of the deed, one of his heirs, or the opposite party in the action files an affidavit that the deed is a forgery to the best of his knowledge and belief. Upon the filing of the affidavit, the genuineness of the alleged deed shall become an issue to be determined in the action.

Egana did not file an affidavit claiming that the security deed was a forgery. Egana submitted an affidavit attached to his answer, in which he claimed that he had not entered into any security agree-

ments with respect to the subject property and that the Notice of Foreclosure Sale he received from HSBC's counsel was "a scheme of artifice to assert a false claim against [him and his] property. . . ." This affidavit, however, neither references the security deed in favor of Mortgage Electronic Registration Systems nor asserts that the deed is a forgery. Thus, we cannot construe the affidavit as an affidavit of forgery for purposes of OCGA § 44-2-23. In the absence of an affidavit of forgery, the security deed was properly admitted without any further proof of its genuineness. See also *Rogers v. Eason*, 183 Ga. 431, 432 (3) (188 SE 693) (1936) (absent affidavit of forgery, recorded deed is "presumably genuine").

Further, although Egana testified at trial that he did not sign the security deed, the trial court found that Egana's allegations lacked credibility, noting that the signature on Egana's answer was identical to the one on the security deed. We find no basis to disturb this factual finding on appeal. See *LaFont v. Rouviere*, 283 Ga. 60, 61 (1) (656 SE2d 522) (2008) (trial court's findings of fact at a bench trial will not be set aside on appeal unless they are "clearly erroneous").

2. Egana claims that the trial court erred by refusing to allow him to cross-examine HSBC's attorney regarding the genuineness of the security deed. Egana fails to cite authority in support of this enumeration of error, and we therefore deem it abandoned. Court of Appeals Rule 25 (c) (2); *Hawkins v. Nat. City Mtg. Co.*, 286 Ga. App. 716, 718 (3) (649 SE2d 769) (2007).

Even if Egana had not abandoned this enumeration, we would reject it. The trial judge advised Egana that HSBC's counsel was not a witness to the case and that counsel would not be allowed to testify "because he's an attorney representing a party in the case." OCGA § 24-9-25 states: "No attorney shall be competent or compellable to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney." The trial court properly concluded that it would be improper to allow Egana to examine HSBC's counsel because any knowledge counsel had about the security deed would have been obtained during his representation of HSBC.

For the reasons set forth above, we affirm the trial court's order granting a writ of possession to HSBC.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 3, 2008 —
RECONSIDERATION DENIED NOVEMBER 10, 2008.

Denaud Egana, *pro se*.

*McCalla Raymer, Adam M. Silver, Kent E. Altom*, for appellee.