296 Ga. 538
FINAL COPY

S14A1478. SALES v. THE STATE.

THOMPSON, Chief Justice.

Appellant Courtney Sales was found guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime in connection with the shooting death of Jamal Cooper.[1] His motion for new trial in which he asserted, inter alia, that the trial court erred by commenting on the evidence in violation of OCGA § 17-8-57 was denied, and he appeals. Based on our review of the record, we agree that by stating to the venire in reference to the crimes committed that "[t]his happened in Taylor County" the trial court expressed or intimated its opinion as to a disputed issue of fact at trial and

---

[1] The crimes occurred on December 17, 2005. Appellant was indicted by a Taylor County grand jury on June 12, 2006, on charges of malice murder, felony murder (two counts), armed robbery, aggravated assault and possession of a firearm during the commission of a crime (two counts). Following a jury trial from November 6-15, 2006, appellant was found guilty on November 15, 2006, of felony murder based on the underlying felony of armed robbery, armed robbery and one count of possession of a firearm during the commission of a crime. That same day appellant was sentenced to life for the felony murder conviction, twenty years concurrent without parole for armed robbery and five years consecutive for possession of a firearm during the commission of a crime. Appellant filed a motion for new trial on December 11, 2006 and, thereafter, filed amendments to his motion on January 22, 2013, April 16, 2013, July 22, 2013 and September 10, 2013. Following a hearing held December 27, 2013, the trial court entered an order January 16, 2014 vacating appellant's sentence on the armed robbery count finding this conviction had merged into his conviction for felony murder. See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993). Thereafter, on January 21, 2014, the trial court denied appellant's motion for new trial. Appellant filed a notice of appeal on February 5, 2014, and the appeal was docketed in this Court for the September 2014 term and submitted for a decision on the briefs.

violated OCGA § 17-8-57.  See Rouse v. State, 296 Ga. 213 (765 SE2d 879) (2014).  Accordingly, we reverse the judgment of the trial court.

1.  Viewed in the light most favorable to the jury's verdict, the evidence presented at trial revealed that appellant drove from New Jersey to Americus, Georgia, with Jamal Cooper in December 2005 to purchase cheap firearms for resale.  Appellant made arrangements for the sale through an acquaintance, Kenneth Dupree.  Appellant, Cooper, Dupree and three of Dupree's cousins agreed to meet an individual named "Sham" on a dirt road to complete the transaction.  Sham never arrived.  Later that night, police responded to a call from a gas station where they found appellant lying on the ground, shot multiple times.  Appellant told the officers that he was involved in a transaction that went wrong and his friend, Cooper, had been shot.  From appellant's description, it was unclear whether Cooper's body was located in Taylor County.  Eventually, police found Cooper's body lying on a dirt road in south Taylor County.

Although originally confirming appellant's account,  Dupree and other witnesses eventually revealed to police that appellant made the trip from New Jersey to rob Cooper because appellant believed Cooper had not given him his fair share of profits from an earlier deal. Pursuant to plea deals, members of the

2

group testified that appellant shot Cooper in the back of the head then asked one of the group to take the gun and shoot appellant to make it look like he was the victim.

We conclude the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error three separate comments made by the trial court during the proceedings which appellant contends violated OCGA § 17-8-57. This statute provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

OCGA § 17-8-57. Given the mandatory language of the statute, "any violation of OCGA § 17-8-57 requires a new trial regardless of whether there has been any showing of actual prejudice to the defendant." Rouse, supra, 296 Ga. at 214

3

(citations omitted).  See also Patel v. State, 282 Ga. 412, 415 (651 SE2d 55) (2007).  Further, appellant's failure to contemporaneously object to the trial court's alleged violations of this statute does not preclude appellate review.  See Murphy v. State, 290 Ga. 459, 461 (722 SE2d 51) (2012); State v. Gardner, 286 Ga. 633, 634 (690 SE2d 164) (2010).

(a)  Appellant first contends that the trial court violated OCGA § 17-8-57 during jury selection by improperly expressing its opinion to the venire that venue was proper in Taylor County.  Venue is a jurisdictional fact which must be proved by the prosecution beyond a reasonable doubt in every criminal case.  See Patel, supra, 282 Ga. at 414.  Whenever a criminal defendant pleads not guilty, he or she has challenged venue.  See Jones v. State, 272 Ga. 900, 902 (537 SE2d 80) (2000).  Here, the record reveals that during voir dire, while instructing prospective jurors to consider whether they might have heard something about the case or know any of the parties involved, the trial court stated:

> This happened in Taylor County.  So if anybody knows any of the parties, we would respectfully ask you to let us know now.

We find that this statement made by the trial court clearly, unambiguously and

erroneously suggested to jurors that venue in Taylor County had been established or was not in dispute in this case.

In a case with facts virtually identical to those presented here, this Court recently observed:

> [W]hen . . . a trial judge makes a statement to jurors, however inadvertent or unintentional, informing them that a crime occurred in a particular county, i.e., a particular venue, the making of the statement violates OCGA § 17-8-57 because it could be construed as a comment regarding a required element of the State's case.

Rouse, supra, 296 Ga. at 215. In Rouse, the trial court stated, "you will be hearing about a case . . . that happened in Muscogee County," while giving preliminary instructions to the venire. Id. at 215. Finding it "beyond dispute that voir dire is part of the 'progress' of a case," we held that this comment violated OCGA § 17-8-57 because it "affirmatively establish[ed] a disputed element which the state [had] the burden of proving at trial." Id. Moreover, this Court concluded it could not "surmise whether [the Rouse court's comment] may have caused actual prejudice to the defendant." Id. at 215, citing Murphy v. State, 290 Ga. 459, 461 (722 SE2d 51) (2012) (trial court's comments about witness violated OCGA § 17-8-57 because it is impossible to determine that jurors were not influenced).

5

We find no discernable differences between the trial court's statement in Rouse and the statement at issue in this case. Considered in context, neither statement could reasonably be construed as a mere comment on the evidence jurors could expect to hear or as a comment on what the State was expected to prove at trial. Accordingly, we conclude that by stating to the venire in this case that the crime happened in Taylor county, the trial court "expressed or intimated the court's opinion as to a disputed issue of fact" and thus violated OCGA § 17-8-57. Rouse, supra, 296 at 218. Accordingly, appellant must be granted a new trial.

(b) Having determined that appellant is entitled to a new trial, we need not address appellant's claims alleging additional comments by the trial court violated OCGA § 17-8-57 as such matters are not likely to recur on retrial. See Patel, supra at 416; Willingham v. State, 279 Ga. 886, 889 (622 SE2d 343) (2005).

Judgment reversed. All the Justices concur, except Nahmias and Blackwell, JJ., who concur in judgment only.

Decided February 16, 2015.

Murder. Taylor Superior Court. Before Judge Peters.

James C. Bonner, Jr., Tyler R. Conklin, for appellant.

Julia Fessenden Slater, District Attorney, Robert B. Bickerstaff II, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.