**SECOND DIVISION
ANDREWS, P. J.,
MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 16, 2015**

# In the Court of Appeals of Georgia

A15A0789. WALLACE v. THE STATE.

MILLER, Judge.

Following a jury trial, Nathaniel Wallace was convicted of a single count of felony theft by shoplifting (OCGA § 16-8-14). Wallace appeals from the denial of his motion for a new trial, contending that the trial court erred in improperly commenting on the evidence at trial in violation of OCGA § 17-8-57; failing to charge the jury that Wallace acted independently from his co-defendant; and admitting a store receipt as evidence of felony-level value. Wallace also contends that his trial counsel was ineffective. For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that on November 30, 2012, Wallace and his co-defendant, Shujuan Echols, went to

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

the Thornton Road Wal-Mart in Douglas County. Echols needed some things and told Wallace that she was going to steal them. When they arrived at Wal-Mart, Wallace and Echols each grabbed a buggy and began to "shop" for items. Eventually, however, Echols placed her items in Wallace's buggy. Wallace and Echols then proceeded to the men's department, where they were observed by a Wal-Mart security officer. The officer became suspicious of Wallace and Echols because their buggy had various items that were haphazardly thrown on top of each other.

After Wallace and Echols picked out items from the men's department, they walked to the front of the store where the cash registers were located. Echols walked over to a closed cash register and grabbed some Wal-Mart bags, while Wallace stood nearby and watched her. Wallace and Echols then left the cash register area, walked toward the personal care aisle, and placed the items from their buggy into the Wal-Mart bags. Echols looked over at Wallace and asked, "Are you ready[?]" Wallace nodded, and responded, "Yeah." Echols then started walking out of the store, while Wallace followed her out with the buggy containing the bagged items.

When Wallace and Echols passed the store's security system and entered the vestibule, the security officer approached Wallace and told Wallace to follow him to the store's security office. Wallace left the buggy, said "here's your stuff," and

2

walked out of the store with Echols.[2] Wallace and Echols then got into their vehicle and drove away.

The security officers then contacted the police, who stopped the vehicle and arrested Wallace and Echols for shoplifting. Shortly after Wallace and Echols left the store, the items that Wallace left in the buggy were scanned by a cashier, and the printed receipt showed that the total value of those items came to $538.73.

1. Wallace contends that the trial court improperly commented on the evidence in violation of OCGA § 17-8-57 when the trial court asked Echols about Wallace's nickname. We discern no error.

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held . . . to be error[,] . . . the decision in the case reversed, and a new trial granted[.]

OCGA § 17-8-57 (2014). To constitute an improper comment under OCGA § 17-8-57, however, "the trial court's statement must express an opinion about whether the evidence has proven a material issue in the case, whether a witness was credible,

---

[2] A backup officer approached Echols, who argued with him and she also walked away.

or whether the defendant was guilty." (Citation and punctuation omitted.) *Artis v. State*, 299 Ga. App. 287, 290 (2) (682 SE2d 375) (2009).

At trial, when Echols was asked if she knew Wallace, the following colloquy occurred:

> STATE: Ms. Echols, do you know the defendant, in this case?
> A: Yes.
> STATE: Who do you know him as?
> A: Crooked Finger Slim.
> STATE: I'm sorry?
> A: Crooked Finger Slim.
> STATE: Do you know his real name?
> A: Nathaniel Wallace.
> COURT: Just a second. You know him as what? What name?
> A: Slim.
> COURT: Just Slim. S-L-I-M. Okay. I just couldn't understand you, I'm sorry.
> STATE: I thought you said something before Slim?
> A: Oh, we call him Crooked Finger Slim.
> STATE: Crooked Finger Slim.
> COURT: Crooked Finger Slim. Okay. Thank you.

Contrary to Wallace's argument, the trial court's mere clarification of Echol's testimony did not constitute the type of direct comment on the substance or weight

4

of the evidence that would violate OCGA § 17-8-57. See *Alexander v. State*, 294 Ga. 345, 348 (3) (751 SE2d 408) (2013) (trial court's questions for purpose of clarifying witness's testimony did not violate OCGA § 17-8-57). Accordingly, this enumeration is without merit.

2. Wallace contends that the trial court plainly erred in failing to charge the jury that a misdemeanor conviction would be appropriate if it found that the value of the stolen items attributable to him personally was less than $500. We disagree.

As an initial matter, the record shows that Wallace did not object to the trial court's charge. Where a defendant fails to object to a jury charge given by the trial court, this Court will review the charge for plain error if the defendant properly asserts an error on appeal. See *State v. Kelly*, 290 Ga. 29, 32 (1) (718 SE2d 232) (2011).

> The plain error test authorizes reversal of a conviction if the instruction was erroneous, the error was obvious, the instruction likely affected the outcome of the proceedings, and the error seriously affected the fairness, integrity or public reputation of judicial proceedings.

(Citations omitted.) *Smith v. State*, 292 Ga. 316, 319 (3) (737 SE2d 677) (2013).

Here, the trial court instructed the jury that the indictment stated the exact offense; the trial court sent the indictment out with the jury;[3] and the trial court charged the jury on the lesser offense of misdemeanor shoplifting, as well as felony shoplifting. The trial court's charge as given also sufficiently informed the jury of the State's burden of proof, reasonable doubt, and the law on parties to a crime. Viewing the charge in its entirety, and the evidence showing that Wallace both directly shoplifted items and was a party to the crime with regard to any items shoplifted by Echols, Wallace has not shown any error, much less plain error, because he has not shown that the failure to give an additional charge on misdemeanor shoplifting would likely have affected the outcome of the proceedings. See *Whiting v. State*, 296 Ga. 429, 430-431 (2) (768 SE2d 448) (2015) (no reversible error – plain or otherwise – with regard to jury charge where trial court read indictment to jury, and fully and properly instructed on felony murder and parties to crime).

3. Wallace contends that the trial court erred in admitting the store receipt as evidence of felony value. We do not agree.

---

[3] The indictment charged Wallace with unlawfully taking possession of more than $500 in food and clothing items from Wal-Mart with the intent of appropriating those items to his own use, and without paying.

6

Under the new Evidence Rules,[4] a business record is admissible as an exception to the hearsay rule if: the record was made at or near the time of the described act; the record was made by a person with personal knowledge and a business duty to report; the record is admitted through the testimony of a qualified witness; the record was kept in the course of a regularly conducted business activity; the record was made as part of the store's regular business activity; and the source of information or the method or circumstances of preparation do not indicate a lack of trustworthiness. See OCGA § 24-8-803 (6). We review the trial court's ruling on the admission of evidence for an abuse of discretion. See *Egana v. HSBC Mortgage Corp.*, 294 Ga. App. 456 (669 SE2d 159) (2008).

At trial, a security officer testified that after Wallace and Echols left the store, he took the items in the cart to customer service and had them provide an itemized receipt for all of the merchandise. After customer service provided the itemized receipt, the officer retrieved the merchandise and the receipt and then compared them to make sure that all of the merchandise was on the receipt. The officer identified the itemized receipt at trial, and he confirmed that it listed all of the merchandise that

---

[4] The jury trial in this case was conducted in November 2013, so Georgia's new Evidence Code applies. See Ga. L. 2011, p. 99, § 101.

Wallace and Echols shoplifted from the store. The officer also confirmed that the pre-tax total for all of the shoplifted items was $538.73.

Contrary to Wallace's contention, the security officer was competent to testify regarding the reliability and trustworthiness of the merchandise receipt because he had personal knowledge of the store's process for determining the value of shoplifted items and he personally compared the merchandise in the cart to the items listed on the receipt. Cf. *Bell v. State*, 262 Ga. App. 788, 789 (586 SE2d 455) (2003) (store's security agent's testimony regarding value of stolen merchandise was admissible because he had personal knowledge of merchandise's retail price). Moreover, the officer's testimony sufficiently authenticated the receipt, which showed that Wallace shoplifted more than $500 in merchandise, and the officer confirmed that the receipt was created right after Wallace left the store. Finally, the officer's testimony showed that he followed the store's normal course of business in having a cashier scan the shoplifted items and then comparing the items to the itemized receipt to ensure that the receipt accurately reflected the value of the stolen merchandise.

Under these circumstances, the trial court did not abuse its discretion in admitting the merchandise receipt as a business record. Cf. *Washington v. State*, 285 Ga. 541 (678 SE2d 900) (2009) (trial court did not err in admitting phone records

under former exception to hearsay rule where evidence showed that they were maintained in computer storage as business records). Moreover, contrary to Wallace's argument, the officer's testimony, combined with the value of the stolen merchandise as shown on the receipt, was sufficient to establish felony value for purposes of OCGA § 16-8-14 (b) (1). See *Alford v. State*, 292 Ga. App. 514, 516-517 (1) (c) (664 SE2d 870) (2008) (loss prevention officer's testimony that defendant stole over $1,000 in merchandise was sufficient to prove felony value under former OCGA § 16-8-14 (b) (1)).

4. Wallace contends that the trial court erred in failing to find that his trial counsel was ineffective. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. Furthermore, there is a strong presumption that the performance of counsel was within the

9

> wide range of reasonable professional lawyering, and we cannot reach a contrary conclusion unless defendant successfully rebuts the presumption by clear and convincing evidence. Judicial scrutiny of counsel's performance must be highly deferential.

(Citation and punctuation omitted.) *Davenport v. State*, 316 Ga. App. 234, 239 (3) (729 SE2d 442) (2012).

(a) Wallace argues that trial counsel should have challenged the security officer's testimony that the receipt for the items scanned by the cashier listed all of the stolen merchandise. As set forth above in Division 3, the officer's testimony, combined with the value of the stolen merchandise as shown on the receipt, was admissible and sufficient to establish felony value. Accordingly, any objection by trial counsel would have been meritless and did not constitute ineffective assistance. *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) (failure to make meritless objection is not evidence of ineffective assistance).

(b) Wallace contends that trial counsel was deficient for failing to object to the trial court's jury charge on misdemeanor shoplifting. As set forth above in Division 2, the trial court properly charged the jury on the State's burden of proof, as well as misdemeanor shoplifting. Accordingly, any objection would have been meritless and trial counsel was not ineffective on this ground. See *Hayes*, supra, 262 Ga. at 884-885

10

(3) (c). Moreover, Wallace cannot show prejudice because the State proved felony value in this case.

(c) Wallace contends that his trial counsel was deficient for failing to object to the admission of his convictions from 2000 and 2005 which were used to support his ten-year recidivist sentence under OCGA § 17-10-7 (c). We disagree.

"The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c)." (Citation omitted.) *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Where a defendant challenges the State's use of his prior felony guilty plea to impose a recidivist sentence, the State's initial burden is to prove only that the plea existed and that the defendant was represented by counsel when he entered the plea. See *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999). Upon that showing, "the burden shifts to the defendant "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." (Citation omitted) Id.

The record shows that the State notified Wallace prior to trial that it intended to use his prior convictions for recidivist sentencing purposes. The State's notice specifically included Wallace's 1997 Cobb County conviction on his guilty plea to

11

felony shoplifting, his 2001 Cobb County convictions on his guilty plea to two counts of first degree forgery, and his 2006 Cobb County convictions on his guilty plea to theft by taking and two counts of cocaine possession.

At Wallace's sentencing hearing, the State offered proof of Wallace's 1997, 2001 and 2006 Cobb County felony convictions by offering certified copies of those convictions. The State also showed that Wallace was represented by counsel when he entered his 1997, 2001 and 2006 guilty pleas to these felony crimes. Accordingly, there is no evidence that these prior convictions were invalid or that Wallace's guilty pleas on these convictions were not freely and voluntarily made. Since, the State proved at least three prior felony convictions for recidivist sentencing purposes, trial counsel was not deficient for failing to object to the State's mention of Wallace's 2000 and 2005 convictions. See *Hayes*, supra, 262 Ga. at 884-885 (3) (c) (failure to make a meritless objection does not constitute ineffective assistance). Consequently, we affirm Wallace's convictions and recidivist sentence.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur*.