**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 15, 2016**

# In the Court of Appeals of Georgia

A16A0114. QUILLER v. THE STATE.

BOGGS, Judge.

A jury found Marcus Terrell Quiller guilty of aggravated assault, burglary, and possession of a firearm during the commission of a felony. Following the denial of his amended motion for new trial, Quiller appeals, asserting as his sole enumeration of error, that the trial court committed reversible error by improperly commenting on the evidence during preliminary instructions in violation of OCGA § 17-8-57. We discern no reversible error and therefore affirm.

Quiller argues that during preliminary instructions to the jury, the trial court erred in stating the following:

> Now ladies and gentlemen, you've been through the first part of a trial, and that's the selection of a jury. I'm going to tell you a little bit about the rest of the trial because it's not like it is on TV. It is not like

*Law & Order*, where they try a case in 30 minutes. It's not going to be tried in 30 minutes. We hardly can get started in 30 minutes. So I want to tell you that.

>    *It's not like CSI where they are going to have all these little lights and all of these things where they go in and see all sort of stuff that you can't see with a naked eye; or they have fingerprints or those kinds of things. I don't know what's going to come out in this case. But a lot of times -- or very seldom do those kind of things come up in a case.*

>    Occasionally, if you have a gun fired at somebody, you may have some expert that talks about a -- a doctor that comes in and talks about how they may have had what they call stippling close to the -- that gets on a person's hand that shot the gun or other things -- those kind of things. You may have ballistic experts. *You very seldom have fingerprint testimony in a case. Fingerprints are very hard to get. You cannot get them off of just anything.* Even when they are, they sometimes -- so what I'm trying to tell you is you've got to forget about all this stuff you see on TV and just take the stuff that you see here in the courtroom.

(Emphasis supplied.) Quiller argues that the court's statement concerning fingerprint evidence "informed or intimated to the jury the trial court's opinion as to a critical element of the State's case, thereby potentially influencing jurors in their evaluation

2

of whether the State has met its burden of proof at trial." He asserts that there were points during trial where there was testimony concerning fingerprints at the scene.

Quiller was tried in 2009 and his motion for new trial was ruled upon in April 2015, during which time former OCGA § 17-8-57 provided:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

This Code section was amended effective July 1, 2015 ( Ga. L. 2015, p. 1050, § 1) (before the transfer of Quiller's appeal to this court from the Georgia Supreme Court) and now provides:

> (a) (1) It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused.

> (2) Any party who alleges a violation of paragraph (1) of this subsection shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury's hearing and presence. After such objection has been made, and if it is

sustained, it shall be the duty of the court to give a curative instruction to the jury or declare a mistrial, if appropriate.

(b) Except as provided in subsection (c) of this Code section, failure to make a timely objection to an alleged violation of paragraph (1) of subsection (a) of this Code section shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties. Plain error may be considered on appeal even when a timely objection informing the court of the specific objection was not made, so long as such error affects substantive rights of the parties.

(c) Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial.

The purpose of this section is to keep the jury from being influenced by the judge's opinion, see *Morton v. State*, 132 Ga. App. 329, 330 (1) (208 SE2d 134) (1974) (citing former Ga. Code Ann. § 81-1104), and it applies to statements made by the judge during preliminary instructions. See *Sales v. State*, 296 Ga. 538, 541 (2) (a) (769 SE2d 374) (2015). Here, the trial court erred in expressly informing the jury, prior to the presentation of evidence, of its opinion of fact: that fingerprint testimony is rarely presented at trial and that fingerprint evidence is "very hard to get." See id. Faced with this error, we must determine the proper standard for our appellate review.

Although Quiller was tried prior to the amendment to OCGA § 17-8-57, the State argues that the newly amended version is nevertheless applicable here because it is a "procedural law" that should apply retroactively. The Georgia Supreme Court has alluded to such an application of subsection (b) of OCGA § 17-8-57. *Pyatt v. State*, ___ Ga. ___ (3) n.9 (Case No. S15A1734; decided March 25, 2016).[1] Both the former and current versions of OCGA § 17-8-57 provide that it is error for the trial court to express or intimate his opinion about what has or has not been proved.[2] Under the former version, however, such an error required an automatic reversal and a new trial. Under the newly revised Code section, in contrast, the trial court must provide a curative instruction or declare a mistrial only where the error has been objected to, OCGA § 17-8-57 (a) (2); and the failure to object to the error at trial precludes appellate review unless such violation constituted plain error. OCGA § 17-8-57 (b).

---

[1]Although our Supreme Court concluded "because there is no reversible error in this case even under the former version of the statute, we need not decide whether the 2015 amendment properly applies," we find the court's reasoning on this issue persuasive.

[2]What has also remained the same is automatic reversal and a new trial when the trial "judge express[es] *an opinion as to the guilt of the accused*." (Emphasis supplied.) OCGA § 17-8-57 (c).

As the Georgia Supreme Court explained, the revised OCGA § 17-8-57 "is not limited expressly to cases tried on or after its effective date. See Ga. L. 2015, p. 1050. And as we have noted, unless the statutory law indicates otherwise, an appellate court [typically] applies the law as it exists at the time its opinion is rendered." (Citations and punctuation omitted.) Id. The Supreme Court noted further that subsection (b) "applies not to proceedings in the trial court, which, in this case, predated the amendment. Rather, that provision is specifically directed to appellate review." Id., citing *United States v. Nunemacher*, 362 F3d 682, 686 (10th Cir. 2004) ("new standard of appellate review applied, notwithstanding that it was adopted after the proceedings in the trial court were concluded"). *Pyatt*, supra, at (3) n.9. For this reason, we hold that subsection (b) of newly amended OCGA § 17-8-57 should be given retroactive effect.[3]

---

[3] We therefore overrule *Alday v. State*, 336 Ga. App. 508 (784 SE2d 860) (2016) (physical precedent only) in which former OCGA § 17-8-57 was applied rather than current OCGA § 17-8-57 (b). We also disapprove of the following cases to the extent that they could be relied upon to stand for the proposition that OCGA § 17-8-57 (b) should be applied prospectively: *Mitchell v. State*, ___ Ga. App. ___ (Case No. A16A0041; decided June 16, 2016); *Marlow v. State*, 337 Ga. App. 1 (785 SE2d 583) (2016); *King v. State*, 336 Ga. App. 531 (784 SE2d 875) (2016); *Weaver v. State*, 336 Ga. App. 206 (784 SE2d 61) (2016) (physical precedent only); *Sneiderman v. State*, 336 Ga. App. 153 (784 SE2d 18) (2016); *Williams v. State*, 336 Ga. App. 64 (783 SE2d 666) (2016); *Bolden v. State*, 335 Ga. App. 653 (782 SE2d 708) (2016); *Wallace v. State*, 335 Ga. App. 232 (779 SE2d 130) (2015); *Goulding*

Furthermore, I disagree with the dissent's position that the new rule is aimed at regulating conduct at trial and that the relevant conduct to be analyzed is trial counsel's objection or the failure to object. As explained above, subsection (b) is not aimed at regulating any conduct at trial, but is rather aimed at our standard of review on appeal of an error already made at trial. Under the old rule or the new rule of subsection (b), the improper statement has already occurred, and the legislature has now determined that plain error is the proper after-the-fact review of the impact of such an improper statement.

Under subsection (b) then, we analyze whether, in the absence of an objection, the trial court's improper statement constitutes plain error. "Under that standard, we must determine whether there is an error that has not been affirmatively waived, is clear and obvious, affects the defendant's substantial rights, and seriously affects the fairness, integrity or public *reputation* of the judicial proceedings." (Citation and punctuation omitted; emphasis supplied.) *Carlson v. State*, 329 Ga. App. 309, 311 (2) (764 SE2d 890) (2014). But assuming without deciding that Quiller satisfied the other factors, he "cannot show that the court's instruction affected his substantial rights

*v. State*, 334 Ga. App. 349 (780 SE2d 1) (2015). We express no opinion here regarding the application of OCGA § 17-8-57 (a) (2) on appeal.

7

which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings." Id. at 311 (2); see *Shaw v. State*, 292 Ga. 871, 873 (2) (742 SE2d 707) (2013).

After the trial court made the improper statements of fact, he properly instructed the jury that:

> The State has the burden of proof. You've already heard that a couple of times. It's totally up to the State to prove the defendant is guilty of the crimes that he's charged with, each one separately, beyond a reasonable doubt.

> The defendant doesn't have to prove anything. He doesn't have to put up any evidence. He doesn't have to testify. He doesn't have to do anything. The only people that have to absolutely put up any evidence is the State.

And the evidence showed that after Quiller entered the victims' home at gunpoint with two other men, the occupants of the home struggled with him and held him down until police arrived. So any fingerprint evidence would not have been vital to placing him at the scene of the crime. Moreover, the detective testified that the crime lab was unable to recover fingerprints from the weapon used in the crimes, and that "[i]t's actually few and far between that we are able to lift a fingerprint that we can use."

8

Under these circumstances, Quiller has not shown that it is highly probable that the court's error affected the outcome of the court proceedings. See *Carlson*, supra, 329 Ga. App. at 311 (2) (where court charged jury that "doing violence" meant "physically resisting," defendant argued that the instruction eliminated requirement that jury find he committed violence, but no plain error because evidence showed violent physical resistance and court instructed jury on statutory definition of crime and read indictment to jury); *Moore v. State*, 286 Ga. App. 313, 317 (2) (649 SE2d 337) (2007) (even if court's comment was improper, statement was immediately followed with comprehensive charge on State's burden of proof). He has therefore failed to show that the trial court's improper statement constitutes plain error requiring us to reverse.

*Judgment affirmed. Doyle, C. J., Andrews, P. J., Ellington, P. J., Dillard, Ray, Branch, McMillian, Rickman, Mercier and Peterson, JJ., concur. Barnes, P. J., Miller, P. J., Phipps, P. J., and McFadden, J., dissent.*

A16A0114. QUILLER v. THE STATE.

McFADDEN, Judge, dissenting.

I disagree with the majority's conclusion that the amended version of OCGA § 17-8-57 should be applied retroactively to the facts of this case. Under the version of the statute that governed during the trial in this case, defendant Quiller had no duty to object to the trial judge's improper comment on the evidence and was automatically entitled to a new trial based on the judge's violation of the statute. However, under the new version of the statute, which took effect six years after Quiller's trial, a criminal defendant now has an affirmative duty to object when — and no longer has an automatic right to a new trial after— a judge improperly comments on the evidence in violation of the statute. Rather, under the new statute,

a defendant who does not object to a trial judge's improper comment upon the evidence is now deemed to have waived any such objection, is not entitled as a matter of law to a new trial, and instead must show that the improper comment rises to the level of plain error affecting substantive rights to obtain a new trial free of such impropriety.

As our Supreme Court explained in *Pyatt v. State*, ___ Ga. ___ (3), n. 9 (Case No. S15A1734, decided March 25, 2016), the question of retroactivity has two subparts. About the first I agree with the majority: the subject rule is procedural, not substantive.

So the second subpart is dispositive. If the relevant activity that the rule regulates is selection of the standard of appellate review, the new rule applies and forecloses Quiller's argument. But if the new rule is aimed at regulating conduct at trial and the relevant conduct is trial counsel's objection or failure to object, then the new rule does not apply; and Quiller's argument is due to be addressed. I would hold that the objection trial counsel has already to failed make is like testimony already taken and so is, for purposes of retroactivity, the relevant conduct. See *Landgraf v. USI Film Products*, 511 U. S. 244, 291 (114 SCt 1483, 128 LE2d 229) (1994) (Scalia, J., concurring) quoted in *Pyatt*, supra at ___ (3), n. 9.

This new rule should not be applied retroactively to impose a new duty on Quiller that was not required of him at the time of his trial and thereby impact our review of events that have already occurred at trial, as opposed to impacting the review of future occurrences arising from those past events. Accordingly, I respectfully dissent.

1. *Changes to OCGA § 17-8-57.*

The former version of OCGA § 17-8-57, which was in effect at the time of Quiller's 2009 trial, provided:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

Under this version of the statute, even without an objection at trial, it was "well established that [a] trial court's compliance with the statutory language of OCGA § 17-8-57 [was] mandatory and that a violation of its mandate require[d] a new trial." *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008) (citations and punctuation omitted). Accord *Murphy v. State*, 290 Ga. 459, 461 (2) (722 SE2d 51) (2012); see also *Rouse v. State*, 296 Ga. 213, 220 (765 SE2d 879) SE2d ) (2014)

3

(Georgia Supreme Court "has held that an error under OCGA § 17-8-57 mandates reversal of a conviction and a new trial even if the defendant did not object to the error at trial") (Nahmias, J., dissenting). A defendant was not obligated to object and a new trial was mandated because, as a matter of law, a violation of former OCGA § 17-8-57 constituted "plain error" affecting substantive rights. *Chumley*, supra. As our Supreme Court has clarified, "a violation of [former] OCGA § 17-8-57 will *always* constitute 'plain error,' meaning that the failure to object at trial will not waive the issue on appeal." *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010) (citation omitted, emphasis in original).

After Quiller's jury trial, the denial of his motion for a new trial, and the filing of his notice of appeal, the General Assembly changed OCGA § 17-8-57, effective July 1, 2015, so that it now provides:

> (a) (1) It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused.
>
> (2) Any party who alleges a violation of paragraph (1) of this subsection shall make a timely objection and inform the court of the specific objection and the grounds for such objection, outside of the jury's hearing and presence. After such objection has been made, and if it is sustained, it shall be the duty of the court to give a curative instruction to the jury or declare a mistrial, if appropriate.

4

(b) Except as provided in subsection (c) of this Code section, failure to make a timely objection to an alleged violation of paragraph (1) of subsection (a) of this Code section shall preclude appellate review, unless such violation constitutes plain error which affects substantive rights of the parties. Plain error may be considered on appeal even when a timely objection informing the court of the specific objection was not made, so long as such error affects substantive rights of the parties.

(c) Should any judge express an opinion as to the guilt of the accused, the Supreme Court or Court of Appeals or the trial court in a motion for a new trial shall grant a new trial.

This new version of OCGA § 17-8-57, like the former version, still provides that it is error for a trial judge to express an opinion as to what has or has not been proved or as to the guilt of the accused. OCGA § 17-8-57 (a) (1). The new statute also still provides, as did the former code section, that a judge's expression of opinion as to the guilt of the accused mandates a new trial. OCGA § 17-8-57 (c). However, the amended version of the statute has significantly changed the rights and duties of a criminal defendant in regard to a judge's expression of opinion as to what has or has not been proved.

Under the new statute, a criminal defendant no longer is free of any duty to object to a judge's improper comment on what has or has not been proved by the evidence and the defendant is no longer automatically entitled to a new trial for such a comment. Rather, the new version of the statute now expressly requires a criminal

5

defendant to make a timely objection at trial to a judge's improper comment on the evidence, informing the court of the specific objection and the grounds for it outside the presence of the jury. OCGA § 17-8-57 (a) (2). If the trial judge finds that he or she did indeed make an improper comment on the evidence, the new statute does not mandate a new trial, and instead allows the judge to exercise his or her discretion and give a curative jury instruction or declare a mistrial. Id. Moreover, if a defendant fails to make the newly-required timely objection at trial, the new statute precludes appellate review of the improper comment, unless the comment constituted plain error affecting substantive rights of the accused. OCGA § 17-8-57 (b). Thus, the new version of the statute has eliminated the former statute's mandate that a judge's expression of an opinion as to what has or has not been proved constitutes plain error affecting the defendant's substantive rights so that a new trial is automatically required.

In finding that this amended version of the statute applies retroactively to the instant case, rather than applying the version of the statute as it existed at the time of trial, the majority relies on a footnote from the Georgia Supreme Court's recent opinion in *Pyatt v. State*, ___ Ga. ___ (3), n. 9 (Case No. S15A1734, decided March 25, 2016). In that footnote, the Supreme Court discussed law concerning statutes that

6

govern only court procedure being applied retroactively, absent an express contrary legislative intent; but the Supreme Court did not conclude that the amended version of OCGA § 17-8-57 applies retroactively. Rather, in the footnote, the Supreme Court stated that it did not need to decide the issue and instead "assume[d] - without deciding - that former OCGA § 17-8-57 applie[d]." Id. Thus, that footnote does not resolve the question of whether the new version of OCGA § 17-8-57 should be applied retroactively in the instant case.

"Generally speaking, the retroactive application of statutes has long been disfavored in the law, even if it is not always forbidden. For that reason, courts usually insist upon some clear indication in the statutory text that a statute is to be applied retroactively before so applying it." *Deal v. Coleman*, 294 Ga. 170, 174 (1) (b) (751 SE2d 337) (2013) (citations, footnote, and punctuation omitted). However, our Supreme Court has also held that "where a statute governs only procedure of the courts, including the rules of evidence, it is to be given retroactive effect absent an expressed contrary intention." *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988) (citations omitted). But "laws that affect substantive rights may operate prospectively only." *Nathans v. Diamond*, 282 Ga. 804, 808 (2) (654 SE2d 121) (2007) (citation and punctuation omitted). "Substantive law is that law which creates

7

rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations." *DaimlerChrysler v. Ferrante*, 281 Ga. 273, 274 (1) (637 SE2d 659) (2006) (citations and punctuation omitted).

The substantive aspects of OCGA § 17-8-57, prohibiting trial judges from expressing an opinion as to what the evidence has proved or as to the guilt of the accused, have not changed in the new statute. However, the changes noted above - the new requirement of a timely and specific objection by a criminal defendant to a trial judge's improper comment on the evidence, the fact that such a violation of the statute no longer automatically mandates a new trial for a defendant, and the express requirement of plain error review in the absence of an objection - are procedural changes.

However, those procedural changes should not be applied retroactively to events that have already occurred at the trial in this case. The footnote in *Pyatt*, supra, upon which the majority relies, includes the following quoted language in a parenthetical cite:

> The critical issue is the relevant activity that the rule regulates. Absent clear statement otherwise, only such relevant activity which occurs after the effective date of the statute is covered. Most statutes are meant to

8

regulate primary conduct, and hence will not be applied in trials involving conduct that occurred before their effective date. But other statutes have a different purpose and therefore a different relevant retroactivity event. A new rule of evidence governing expert testimony, for example, is aimed at regulating the conduct of trial, and the event relevant to retroactivity of the rule is introduction of the testimony. Even though it is a procedural rule, it would unquestionably not be applied to *testimony already taken*.

*Pyatt*, supra at ___ (3), n. 9, quoting *Landgraf v. USI Film Products*, 511 U. S. 244, 291 (114 SCt 1483, 128 LE2d 229) (1994) (Scalia, J., concurring) (citations and puncutation omitted, emphasis in original).

Here, the new version of OCGA § 17-8-57 regulates the conduct at trial of the trial judge by prohibiting comments on the evidence and it also regulates the conduct of criminal defendants at trial by imposing a new duty on them to object to such improper comments in order to avoid waiver of appellate review of the issue, other than plain error review. In this regard, it is important to note that "[t]he 'plain error' rule does not establish a different standard for determining the reversibility of an error, but instead allows a criminal defendant to avoid the penalty of waiver, by permitting appellate review of assertions of error raised for the first time on appeal where the asserted error affects substantive rights." *Chumley*, supra at 858 (2) (citations and punctuation omitted). Thus, the events relevant to the retroactivity of

9

the amended OCGA § 17-8-57 are an improper statement by the judge during trial and the defendant's timely and specific objection to it, or lack thereof. Such a new procedural rule "would unquestionably not be applied to [a judge's statement] already [made and any objection, or lack thereof, to it]." *Pyatt*, supra (citation, punctuation, and emphasis omitted).

As our Supreme Court has explained, "to apply a procedural statute retroactively generally does not mean that it applies with respect to prior filings, proceedings, and occurrences, but rather that the procedural change affects future court filings, proceedings, and judgments that arise from prior occurrences." *Murphy v. Murphy*, 295 Ga. 376, 378 (761 SE2d 53) (2014). Thus, the amended version of OCGA § 17-8-57, should not be applied to the prior proceedings in this case in order to deny Quiller of the new trial that the judge's improper comments mandated at that time, even absent an objection by Quiller. Rather, the amended version should affect only future court proceedings that arise from those prior occurrences, such as a new trial required by those prior events.

> [I]n the present case all salient dates, i.e., [the improper comment at trial and the lack of an objection thereto], issuance of the order [denying a new trial] sought to be appealed, and filing of the notice of appeal, occurred prior to the effective date of the amendment to OCGA § [17-8-

10

57]. Therefore, a proper retroactivity analysis and it application in this case do not provide a basis for [applying the new law].

Id. at 379. Accordingly, in my opinion, the former version of the statute, not the amended version, governs the events that have already occurred in the instant case.

2. *Application of former OCGA § 17-8-57 to the instant case.*

As the majority correctly finds, the trial court erred in expressly informing the jury of its opinion of fact as to the state's fingerprint evidence. Because the judge improperly commented on the evidence in violation of the former OCGA § 17-8-57, a new trial is mandated even though Quiller did not object to the comment at trial. "Given the mandatory nature of [that version of] OCGA § 17-8-57 and the case law interpreting it, we must reverse [Quiller's] conviction and remand the case to the trial court for a new trial." *Murphy v. State*, 290 Ga. at 461 (2) (citation omitted).

I am authorized to state that Presiding Judge Barnes, Presiding Judge Miller and Presiding Judge Phipps join in this dissent.

11